MARGARET E. CARPENTER, as Administratrix of the Estate of FRANCIS L. CARPENTER, Deceased, Respondent, *v.* BUFFALO GENERAL ELECTRIC COMPANY, Appellant.

Adoption — relations of foster parents and adopted children — right of inheritance — next of kin of adopted child who died unmarried and intestate, leaving no one surviving except the brother and sisters of his deceased foster mother, and his natural father.

1. Under the statute relating to adoption, in force since 1896, (Domestic Relations Law, L. 1896, ch. 272, § 64; Cons. Laws, ch. 14, § 114) the legal relations of foster parents and adopted children are the same as those of natural parents and children "including the right of inheritance from each other * * * and such right of inheritance extends to the heirs and next of kin of the minor, and such heirs and next of kin shall be the same as if he were the legitimate child of the person adopting."

2. A young man, who had been legally adopted by a maternal aunt, died from injuries received while engaged in his duty as an employee of the defendant. He died unmarried and intestate, leaving no issue and no one surviving except his natural father, a brother and two sisters of his foster mother, one of whom was his natural mother, the plaintiff as administratrix in this action. The foster mother died several years before the death of the intestate and the defendant contends that, because of that fact, his natural father is the sole next of kin interested in any recovery and that

under the circumstances such recovery should be nominal rather than substantial. *Held*, that the statute relating to adoption (Domestic Relations Law, § 114; Cons. Laws, ch. 14), in force at the death of decedent, must be read in connection with the provisions of the Decedent Estate Law (Cons. Laws, ch. 13, §§ 80–104); and that under the statutes as so read, the natural father of the decedent is excluded as a next of kin and the brother and sisters of decedent's foster mother are entitled to the award in this action.

*Carpenter* v. *Buffalo General Electric Co.*, 155 App. Div. 655, affirmed.

(Argued October 21, 1914; decided November 10, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 10, 1913, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alfred L. Becker* for appellant. The court erred in charging the jury that the next of kin of the deceased adoptive mother are the next of kin of the plaintiff's intestate and invested with rights of inheritance from him. (*Dodin* v. *Dodin*, 16 App. Div. 42; 162 N. Y. 635; *Theobald* v. *Smith*, 103 App. Div. 200; *Gilliam* v. *Guaranty Trust Co.*, 186 N. Y. 127; *U. S. Trust Co.* v. *Hoyt*, 150 App. Div. 621; *Carroll* v. *Collins*, 6 App. Div. 106; *Matter of Thorne*, 155 N. Y. 140; *Matter of Leask*, 197 N. Y. 193; *Kettell* v. *Baxter*, 50 Misc. Rep. 428; *Meader* v. *Archer*, 65 N. H. 214; *Quigley* v. *Mitchell*, 41 Ohio St. 375; *Moore* v. *Moore's Est.*, 35 Vt. 96.)

*Carleton H. White* and *Hamilton Ward* for respondent. The next of kin of the plaintiff's intestate are the same persons who would have been his next of kin had he been the legitimate child of the blood of his adoptive parent instead of an adopted child, to wit, the brothers and sisters of his adoptive mother. (11 Am. & Eng.

Ency. of Law [2d ed.], 327; 16 Cyc. of Law & Pr. 555; *Matter of MacRae*, 189 N. Y. 142.)

Hogan, J. In March, 1884, plaintiff's intestate, then about five years of age, was duly adopted by a sister of the natural mother of the intestate, under an order of adoption made pursuant to the provisions of chapter 830 of the Laws of 1873. The relation of mother and son thereby created between the adoptive parent and the intestate continued to the time of the death of the foster parent, November 3, 1906. The evidence justifies the assumption that the natural father of the intestate, though still alive, abandoned his family prior to the adoption proceedings, and that the intestate during his lifetime did not contribute to his support.

Subsequent to the adoption of the child, the natural mother and foster mother lived together down to the time of the death of the latter in 1906. The foster mother died intestate leaving her surviving the intestate, the adopted son, one brother and two sisters, one of whom is the plaintiff. The decedent, the adopted child, never married and never had a brother or sister.

April 13th, 1911, the intestate, then about 31 years of age, was an employee in the service of the defendant. On that day he died as a result of injuries received by him alleged to have been caused by the negligence of the defendant. The plaintiff was appointed administratrix of his estate, and sought in this action, under the provisions of sections 1902–1905 inclusive, Code of Civil Procedure, to recover damages for the death of the intestate and recovered a verdict for a substantial amount.

The appellant does not complain of the amount of the recovery in this action provided that the plaintiff, her brother and her sister are the next of kin of the deceased, but contends that if deceased left any next of kin, the foster parent having predeceased the plaintiff's intestate, the natural father would be the sole next of kin inter-

ested in any recovery, and that under the facts in this case such a recovery would be nominal rather than substantial as awarded by the jury.

The appeal, therefore, presents questions raised by exceptions to the rulings and charge of the trial justice.

The right of recovery in an action of this character is regulated by section 1902, and sections following, of the Code of Civil Procedure. By section 1903 of the Code, the decedent having died unmarried, the damages recovered, if any, would be exclusively for the benefit of the decedent's next of kin.

By section 1905 of the Code, the term " next of kin " is defined by reference to section 1870 of the Code, and includes all those entitled under the provisions of law relating to the distribution of personal property to share in the unbequeathed assets of a decedent, after payment of the debts and expenses, other than the surviving husband and wife.

The intestate having died unmarried, leaving no child, the father would take the whole of the unbequeathed assets of the decedent (Decedent Estate Law, section 98, subdivision 7) unless the statute relating to adoption has otherwise provided. The question is presented: Is the natural father the next of kin of the decedent? If the natural father is not next of kin of the decedent, then are the brother and two sisters of the decedent's foster mother to be regarded as next of kin of decedent?

The right of adoption was recognized and practiced among a number of the continental nations, though it was not embodied in the common law of England. It exists in this state by enactment of the legislature wherein is defined the legal rights and relations of the foster parent or parents and the adopted child, and such statute must be read in connection with the provisions of the Decedent Estate Law. As no right of inheritance or succession could arise prior to the death of the intestate, and the legislature was empowered at any time to repeal or

amend the statute, the law in force at the time of the death of the intestate (1911) is controlling upon the question presented in this case.    (*Dodin* v. *Dodin,* 16 App. Div. 42; affirmed, 162 N. Y. 635; *Gilliam* v. *Guaranty Trust Co.,* 186 N. Y. 127.)

The original statute relating to the subject of adoption, chapter 830 of the Laws of 1873, was in effect at the time the intestate was adopted.    That law provided, so far as material to be considered, that the adopted child should take the name of the person adopting and the two thenceforth should sustain towards each other the legal relation of parent and child, but the statute by express terms expressly inhibited the right of inheritance.    Chapter 703, Laws of 1887, amended the law of 1873.    The amendatory law continued the legal relation of parent and child between the adoptive parent and the adopted child, and, whereas, under the statute of 1873 a right of inheritance was denied, the law of 1887 included such right of inheritance, and in addition defined who should be the next of kin of the child in the following words: "and the heirs and next of kin of the child so adopted shall be the same as if the said child was the legitimate child of the person so adopting."

By chapter 272 of the Laws of 1896, the Domestic Relations Law (Cons. Laws, ch. 14) was enacted as a compilation, with certain changes and additions, of the preceding laws.    Section 64 of that law, now embodied in section 114 of the same law, is as follows:

"§ 64. Effect of adoption.— Thereafter the parents of the minor are relieved from all parental duties towards, and of all responsibility for, and have no rights over such child, or to his property by descent or succession.    * * * The child takes the name of the foster parent.    His right of inheritance and succession from his natural parents remain unaffected by such adoption.

"The foster parent or parents and the minor sustain towards each other the legal relation of parent and child,

and have all the rights and are subject to all the duties of that relation, including the right of inheritance from each other, * * * and such right of inheritance extends to the heirs and next of kin of the minor, and such heirs and next of kin shall be the same as if he were the legitimate child of the person adopting; * * *."

This statute continued the legal relation of parent and child established by the laws of 1873–1887, which imposed upon the foster parent or parents a legal obligation to support, maintain and educate the child, and in return to be entitled to the custody and services of the child as well as the liability on the part of the child to render service and in certain cases to respond to the support of such parent or parents.

Additional provisions were embodied in the Domestic Relations Law not contained in the earlier laws. The natural parents were *excluded* from any rights over the child or to his property by descent or succession, though the child's right of inheritance and succession from his natural parents was to remain unaffected by such adoption. In view of that provision it is clear that the natural father of the intestate was excluded as a next of kin of the decedent. The law quoted also provided that the parental relations should include the right of inheritance between the adoptive parent or parents and the adopted child, which right of inheritance was to extend to the heirs and next of kin of the minor, and that such heirs and next of kin should be the same as if he (the minor) were the legitimate child of the person adopting him.

It is argued by appellant that the omission of the legislature to provide that the right of inheritance extends to the heirs and next of kin of the adoptive parents is significant, as the right of inheritance possessed by the child and which passes to his next of kin was the right of inheritance from the foster parents. Reading the several laws enacted in this state the conclusion is irresistible

that the policy of the legislature has been to extend the artificial relations created by adoption to the relation existing by nature. We do not think that the statute is susceptible of the construction urged by appellant. The death of the foster parent did not re-establish the relation of parent and child between the natural parents and the intestate. The natural parents had surrendered all paternal and maternal ties to the adoptive parent pursuant to the law of the state which defined the legal rights of all of the parties and by which they were severally bound, unless the adoption was abandoned or changed pursuant to law for which ample provision was made. When the legislature provided that the heirs and next of kin of the adopted child shall be the same as if he were the legitimate child of the person adopting, it clearly used the words "legitimate child" in the well-established meaning of the term as a child born in lawful wedlock, and effectively embodied in the law of descent a provision that the adopted child was the heir at law and next of kin of the adoptive parent to the same extent as though the adoptive parent in this case had borne the adopted child, with all that the term "mother" implies.

As was said by Judge Vann, writing for this court, in *Matter of Cook* (187 N. Y. 253–260): "The legislature has supreme control of the subject and may give heritable blood when nature did not." Had the intestate during his lifetime inherited a substantial property from his foster parent, and subsequently died in possession of the same, his natural parents having been inhibited from a right to inherit from him, the argument of appellant would, if adopted, result in the adopted child dying without heirs and next of kin and the property owned by him derived by inheritance from his foster parent would escheat to the state.

Such construction of the statute would be repugnant to the policy of the law, if any other reasonable interpre-

tation is permissible. When the legislature provided that the heirs at law and next of kin of the adopted child should be the same as if he were the legitimate child of the person adopting, the adopted child, in a legal sense, became the natural child of the adoptive parent. It is not to be presumed that the legislature intended to render well-established principles of law nugatory and to provide additional grounds for escheat, to enable the state to take the property of the intestate where he survived the adoptive parent and still give to him a right of inheritance where the adoptive parent predeceased him. Such construction of intention would be contrary to the rule that in case of failure of descendants capable of taking, the inheritance should go back to the kinsman from whom it came. That rule was founded upon justice and equity, and it cannot be presumed that the legislature intended to create an exception to that rule, where it had surrounded the relation of foster parent and child with all the safeguards, rights and privileges of the relation of parent and child by blood, for the purpose of acquiring by escheat to the people the property of an adopted child in a case like the one at bar.

We have examined the cases cited from other jurisdictions and do not deem it essential to take the time to point out the distinguishing features of the laws of the various states as compared with the statute before us in this state. Numerous cases are also to be found in other states, in addition to those cited, bearing on the subject under consideration. While the question presented here has not been directly considered by this court, several cases have been decided involving principles of law having a direct bearing upon the subject which seem to justify the conclusion reached in this case. (*Gilliam* v. *Guaranty Trust Co.*, 186 N. Y. 127; *Matter of Cook*, 187 N. Y. 253; *Dodin* v. *Dodin*, 67 App. Div. 42; affirmed, 162 N. Y. 635; *Matter of MacRae*, 189 N. Y. 142–147.)

We, therefore, conclude that the brothers and sisters of

decedent's foster mother are the next of kin of the decedent.

The judgment should be affirmed, with costs.

WERNER, CHASE, COLLIN, MILLER and CARDOZO, JJ., concur; WILLARD BARTLETT, Ch. J., absent.

Judgment affirmed.