# MEMORANDA

UNITED STATES TRUST COMPANY OF NEW YORK, Plaintiff, *v.* DOROTHY HOYT, Otherwise Known as DOROTHEA HOYT; VAVIS PETERSON HOYT, Individually and as Executrix of the Will of REUBEN M. HOYT, Deceased; NESBITT HOYT BANGS, L. BOLTON BANGS, ISABEL HOYT BANGS, CORNELIA B. HOYT, Individually and as Guardian of the Property of JESSE HOYT; CORNELIA WARING HOYT, ISABEL HOYT, JESSE HOYT and COMPTROLLER OF THE STATE OF NEW YORK, Defendants.*

(Supreme Court, New York Special Term, May, 1915.)

*Adoption — A deed of trust provided that in case there should be no issue of the beneficiary living at the time of the disposition of the principal of the trust the principal should be paid over to the next of kin of the beneficiary. Held, that the adopted daughter of a deceased brother of the beneficiary was one of the next of kin of the beneficiary under the deed of trust and entitled to her share in the distribution of the fund — The words "next of kin" do not include a widow — Domestic Relations Law, § 114.*

ACTION relating to the disposal of a trust fund.

Stewart & Shearer, for plaintiff.

Lord, Day & Lord, for Isabel Hoyt Bangs, defendant.

Reeves & Scrugham, for Cornelia B. Hoyt et al., defendants.

Anson Baldwin, for Jesse Hoyt, defendant.

*Published by request. Affirmed, without opinion, 173 App. Div. 930; 223 N. Y. 616.—[REPR.

Samuel T. Carter, Jr., for Dorothy Hoyt, defendant.

Henry De Forest Baldwin, guardian ad litem **for** Nesbitt H. Bangs, defendant.

H. A. Cushing, for Vavis P. Hoyt, defendant.

ERLANGER, J. The controversy relates to the disposal of a trust fund now in the hands of the plain-. tiff for distribution, pursuant to a deed of trust made by Rhoda E. Hoyt, the operative provisions of the instrument being as follows: " To have and to hold said property to the party of the second part, its successors and assigns, in trust, however, for the following uses and purposes, namely, to, hold, manage, invest and reinvest the same; to collect and receive the interest, income and profits thereof, and after deducting all proper charges and expenses, to apply the said interest, income and profits to the personal support, maintenance and comfort of my son, Reuben M. Hoyt, for and during his natural life, free from any liabilities or debts created by him, and upon the death of my said son, Reuben M. Hoyt, to divide the principal of said trust fund or the securities in which it may then be invested into as many equal shares as there shall be children of my said son, Reuben M. Hoyt, then living, and to pay over to each of said children of my son, Reuben M. Hoyt, one equal share or portion of said principal. In the event that any of the children of my son, Reuben M. Hoyt, shall have died before the time of the distribution of the principal as above provided for, leaving a child or children him cr her surviving, such child or children shall take the share or portion of its or their deceased parent and in equal shares if more than one. In case there shall be no issue of my son, Reuben M. Hoyt, living at the time of the disposition of the principal as above provided for, then the said principal shall be paid over to and among the persons who are then next of kin of my son, Reuben M. Hoyt, in the man-

ner and proportions directed by the laws of the State of New York for the distribution of the estates of persons dying intestate; but, in no event, shall any portion of said principal become the property of Charlotte M. Hoyt, wife of my son, Reuben M. Hoyt.'' The life beneficiary, Reuben M. Hoyt, died on May 16, 1914, leaving no issue and no father or mother. His surviving relatives were his widow, the defendant Vavis P. Hoyt; a sister, defendant Isabel Hoyt Bangs; a nephew and two nieces, the defendants Jesse and Isabel Hoyt and Cornelia Hoyt Leslie, children of a deceased brother Jesse Hoyt, and the defendant Dorothy Hoyt, alleged to be the duly adopted daughter of another deceased brother, Frank R. Hoyt. As the case is presented, I am to determine whether the defendants Dorothy Hoyt and Vavis P. Hoyt are within the class of remaindermen described by this trust deed as '' the next of kin '' of Reuben M. Hoyt, and entitled thereunder to receive a share of the fund '' in the manner and proportions directed by the laws of the State of New York for the distribution of the estates of persons dying intestate.'' It is contended by the blood relatives that Dorothy Hoyt was not legally adopted, and that, in any event, assuming her adoption to have been in accordance with law, she was not within the class of '' next of kin '' of Reuben M. Hoyt, a brother of the adopting parent. Upon the facts, if the question of this adoption were presented for original examination, there might be some doubt whether the statutory provisions governing the subject had been satisfied. The statute then applicable (Laws of 1884, chap. 438, § 7) provides: ''Any child which a corporation specified in the first section of this act is, by the fifth section of this act, authorized to bind out may be placed by such corporation, by adoption, with some suitable person or persons, by a written instrument of adoption, * * *.'' The class of corporations so designated in the 1st section is '' any

incorporated orphan asylum or other institution incorporated for the care of orphan, friendless or destitute children.'' Turning to the charter of the institution out of which the defendant Dorothy Hoyt was given in adoption, its purposes are defined to be '' the maintenance and care of the children of wet nurses, and the daily charge of infants whose parents labor away from home.'' Apparently, therefore, this institution was not within the statute, and no authority existed for its standing in the place of the child's natural parents for the purposes of a contract of adoption, unless it may be said that the later appropriation of public funds by legislative enactment for the maintenance of children by the institution imported a recognition of broader corporate powers than its charter had expressed. To give such effect to these appropriation acts might be permissible, although the subject is by no means free from doubt, but, as I find, the question of the legality of the adoption has been settled by a former adjudication between these parties. An identical trust for the benefit of Frank R. Hoyt, the adopting parent of this defendant, became executed by his death, and the devolution of the remainder upon his '' next of kin '' raised the question of Dorothy Hoyt's *status* under the instrument of adoption. An action was brought by the present plaintiff in this court to determine the controversy, to which action Dorothy Hoyt and the blood relatives above named were parties. The court found that the adoption was legal and valid and that the adopted child was the '' next of kin '' of Frank R. Hoyt. The judgment which expressed this determination was affirmed upon an appeal taken by the adverse parties, the blood relatives now concerned. *U. S. Trust Co.* v. *Hoyt*, 150 App. Div. 621. While the point chosen for dispute in that action was whether an adopted child was '' next of kin '' within the meaning of the trust deed, an essential allegation

to be established was that there had been an adoption, valid in law; otherwise the court would have had nothing to decide and the dispute between the parties was meaningless. This question of the adoption, as giving the defendant Dorothy Hoyt a *status,* was, of course, directly involved. It was fundamental to the case, and the judgment rendered had to proceed upon the direct finding that she was lawfully adopted. The necessary finding was made upon the evidence furnished by the articles of adoption and upon the stipulation made at the trial on behalf of all the parties that the adoption was valid. That this stipulation was joined in by guardians *ad litem* for infant parties does not affect its force. It was not a substitute for controlling evidentiary facts, since the necessary documentary evidence was before the court, and the concession of validity related only to the legal effect of general statutes or of public records as to which the court could be advised when accepting the stipulation in behalf of infants whose interests were affected. Actually, the parties came to trial conceding a basic question of legal construction to obtain the court's ruling upon this defendant's status. The court accepted the concession, presumably after such consideration as was deemed necessary, and rendered a judgment which is conclusive upon the question so decided, although upon stipulation (*Crouse* v. *McVickar,* 207 N. Y. 213), when the same basic question arises as between the same parties. *Clemens* v. *Clemens,* 37 N. Y. 59, 73; *Thorn* v. *De Breteuil,* 179 id. 64, 85. I cannot properly entertain the motion made at the trial upon behalf of the defendant Isabel Hoyt Bangs for the withholding of a decision upon the issues pending her initiation of some action or proceeding to limit the effect of the judgment now in evidence. Her only ground of complaint would appear to be that the stipulation made by her counsel upon the trial of the earlier action was not limited to the extent which she personally had intended and

directed, but there is no indication that she or her counsel had been misled to the course taken, through any act attributable to the defendant Dorothy Hoyt, and the prospect of her obtaining relief from the judgment is too doubtful to be accepted upon the present appeal to the court's discretion. Indeed, short of a case of actual oppression, an application to stop the trial, in furtherance of one party's attempt to destroy his adversary's proof by independent litigation, should not be countenanced. Litigants are entitled to have their cases determined upon the evidence as it exists when they appear before the court to submit their differences, and if indefinite adjournments of a trial could be had in aid of a new action to change the effect of displeasing documents when offered in evidence, parties might well hesitate to enter upon the hazard of litigation for any purpose. I accept the judgment roll in evidence as conclusive upon the validity of the adoption of the defendant Dorothy Hoyt, and the question arises whether she may benefit, under the deed of trust in suit, as " next of kin " of Reuben M. Hoyt, a brother of her foster parent. That she is within the description of " next of kin " of Frank R. Hoyt, under an identical form of trust deed, is settled (*U. S. Trust Co.* v. *Hoyt, supra*), and, unless the statute is to be construed as limiting her right of inheritance to an interest derived directly from the foster parent, she is similarly one of the " next of kin " for the purposes of the present distribution. Decedent Estate Law, § 98, subd. 3. The statute (Dom. Rel. Law, § 114) provides: " Effect of adoption.—Thereafter the parents of the person adopted are relieved from all parental duties toward, and of all responsibility for, and have no rights over such child, or to his property by descent or succession. * * * " The child takes the name of the foster parent. " His rights of inheritance and succession from his natural parents remain unaffected by such adoption. The foster parent or parents and

the person adopted sustain towards each other the legal relation of parent and child, and have all the rights and are subject to all the duties of that relation, including the right of inheritance from each other, * * * and such right of inheritance extends to the heirs and next of kin of the person adopted, and such heirs and next of kin shall be the same as if he were the legitimate child of the person adopting * * *." Because the words of this statute do not extend to a right of inheritance "through" the foster parent, it has been held that the adopted child may not inherit from the foster parent's collateral relatives. *Kettell* v. *Baxter,* 50 Misc. Rep. 428; followed in *Matter of Haight,* 63 id. 624. A similar construction of statutes relating to adoption is found in the decisions of other states (*Hockaday* v. *Lynn,* 200 Mo. 456; *Keegan* v. *Geraghty,* 101 Ill. 26; *Quigley* v. *Mitchell,* 41 Ohio St. 375), and I should feel bound to hold that Dorothy Hoyt is not entitled to participation as " next of kin " of Reuben M. Hoyt, except for the recent announcement of the law in *Carpenter* v. *Buffalo G. E. Co.,* 213 N. Y. 101. In that case the question was presented as to the right of collateral relatives of the foster parent to take as " next of kin " of the adopted child, and the court held that the right of succession existed, saying: "It is argued by appellant that the omission of the legislature to provide that the right of inheritance extends to the heirs and next of kin of the adoptive parents is significant, as the right of inheritance possessed by the child and which passes to his next of kin was the right of inheritance from the foster parents. Reading the several laws enacted in this state, the conclusion is irresistible that the policy of the legislature has been to extend the artificial relations created by adoption to the relation existing by nature. We do not think that the statute is susceptible of the construction urged by appellent. The death of the foster parent did not re-establish the relation of par-

ent and child between the natural parents and the intestate. The natural parents had surrendered all paternal and maternal ties to the adoptive parent pursuant to the law of the state which defined the legal rights of all of the parties and by which they were severally bound, unless the adoption was abandoned or changed pursuant to law, for which ample provision was made. When the legislature provided that the heirs and next of kin of the adopted child shall be the same as if he were the legitimate child of the person adopting, it clearly used the words "legitimate child" in the well-established meaning of the term as a child born in lawful wedlock, and effectively embodied in the law of descent a provision that the adopted child was the heir at law and next of kin of the adoptive parent to the same extent as though the adoptive parent in this case had borne the adopted child, with all that the term 'mother' implies." I do not take the view that these expressions of the court were given in a limited sense, because of the further discussion in the opinion as to the propriety of this broad construction of the adoption statute, to avoid a conceivable case of escheat should collateral relatives of the foster parent be excluded from participation. The possibility of escheat afforded an illustration that a strict construction of this statute, to exclude collaterals, was not in harmony with the legislative intent, but that intent was found as well from the general course of legislation and from the state of judicial expression upon the subject in the line of cases cited by the court. If this statute is to be read as allowing representation by collaterals through the foster parent, as was held in the case cited, its scope and meaning are such as to include the precisely correlative right of the foster child to take by inheritance through the foster parent from collateral relatives. Strictly construed, the statute excludes representation in both instances. Construed to give heritable blood by adoption in one

instance it must give it in the other, according to every reasonable implication of legislative intent, and I hold, therefore, that this adopted child was one of the " next of kin " of Reuben M. Hoyt under the deed of trust before me. Passing to the claim of the defendant Vavis P. Hoyt, the widow of Reuben M. Hoyt, I am of the opinion that she can take no share of the remainder. The use of the words " next of kin " in connection with the phrase " in the manner and proportions directed by the laws of the State of New York for the distribution of the estates of persons dying intestate," have a controlling meaning which excludes the widow. The point has been directly ruled (*Matter of Devoe,* 171 N. Y. 281; *Luce* v. *Dunham,* 69 id. 36) and a different intent cannot well be found by resort to the additional clause in this instrument (referring to a first wife) : " But in no event shall any portion of said principal become the property of Charlotte M. Hoyt, wife of my son Reuben M. Hoyt." The argument is that this clause indicated the need of words to exclude a widow in the mind of the grantor; hence, that only the wife named, but who is not the widow, was excepted. On the other hand, there is the inference, quite as persuasive, that the grantor employed these words simply to express with greater particularity the very intention which it has required judicial interpretation to evolve from the prior technical words of the deed. She meant to exclude her son's widow, and she directed accordingly. Had she contemplated the probable death of the wife named and a second marriage, then the clause in question might be construed as intending to exclude only the first wife, but her state of mind upon this subject is not indicated by the instrument, and the inference is, of course, that she was referring to the then wife as the expected widow. So read, the clause in question is simply in harmony with the general words employed in the deed, from which the intent to exclude any widow is

implied by law. I conclude that the defendant Dorothy Hoyt is entitled to share in the distribution of the fund, and that the defendant Vavis P. Hoyt is not. Findings and judgment may be submitted in accordance with this opinion, on notice of settlement.

Judgment accordingly.