SARAH A. HOPKINS, Respondent, *v.* CHARLES H. HOPKINS and Others, Appellants.

Fourth Department, June 30, 1922.

**Parent and child — adoption — descent and distribution — adopted child has no right to inherit from next of kin of foster parent and is not heir at law and next of kin of brother of foster parent so as to be entitled to maintain action for partition.**

Although under section 114 of the Domestic Relations Law a foster parent and an adopted child inherit from each other the same as though the natural relation of parent and child existed between them, and such right extends to the heirs and next of kin of the adopted child, there is no specific statutory provision extending the right of the adopted child to inherit from the next of kin of the foster parent, and, therefore, an adopted daughter is not an heir at law and next of kin of the brother of her foster parent so as to entitle her to maintain an action to partition certain lands in which said brother had an interest at the time of his death.

CLARK and HUBBS, JJ., dissent, with memorandum.

MOTION for a new trial made by the defendants, Charles H. Hopkins and others, at the Appellate Division, Fourth Department, pursuant to section 551 of the Civil Practice Act upon exceptions, after interlocutory judgment in a partition action, entered upon the decision of the court rendered after a trial at the Ontario Trial and Special Term without a jury, and before final judgment had been awarded.

Appeal by the defendants from the interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ontario on the 19th day of April, 1922, upon the decision of the court rendered after a trial at the Ontario Trial and Special Term without a jury, whereby it was adjudged that the plaintiff is an heir at law and next of kin of Harrison L. Hopkins, deceased, and as such heir at law entitled to an undivided one-twelfth of the real estate sought to be partitioned in the title.

*Hosmer H. Thompson* [*John Colmey* of counsel], for the appellants.

*James O. Sebring,* for the respondent.

KRUSE, P. J.:

On October 27, 1899, Benjamin W. Hopkins and his wife adopted the plaintiff. In 1910 Benjamin W. Hopkins died intestate, leaving no descendants other than the adopted daughter. On March 4, 1920, Harrison L. Hopkins, a brother of Benjamin W. Hopkins, died intestate, leaving him surviving a brother and a sister, his only blood relatives, heirs at law and next of kin. The adopted daughter of Benjamin brings this action to partition certain lands in which the said Harrison had an undivided one-fourth interest at the time of his death, claiming she is an heir of Harrison. The learned trial court so held and directed judgment accordingly.

In 1873 the Legislature passed an act to legalize the adoption of minor children. It provided that a foster parent and an adopted child should sustain the legal relation toward each other of parent and child, and have all the rights and be subject to all the duties of that relation except the right of inheritance. (Laws of 1873, chap. 830, § 10.)

In 1887 this statute was amended by striking out the exception as to the right of inheritance, specifically including such right of inheritance, and declaring that " the heirs and next of kin of the child so adopted shall be the same as if the said child was the legitimate child of the person so adopting [making certain exceptions having no relation to the question here], and in case of the death of the person so adopted the person so adopting as above provided shall, for the purpose of inheritance, sustain the relation of parent to the person so adopted." (Laws of 1887, chap. 703.)

The provisions of this statute were revised and incorporated in the Domestic Relations Law (Gen. Laws, chap. 48 [Laws of 1896, chap. 272], art. 6, as amd.; Consol. Laws, chap. 14 [Laws of 1909, chap. 19], art. 7, as amd.). And that act, in declaring the effect of such adoption and defining the rights of the foster parent and adopted child, includes the " right of inheritance from each other," and provides that " such right of inheritance extends to the heirs and next of kin of the minor," and declares that " such heirs and next of kin shall be the same as if he were the legitimate child of the person adopting " (Gen. Laws, chap. 48 [Laws of 1896, chap. 272], § 64, as amd. by Laws of 1897, chap. 408), and is now contained in the last revision of the Domestic Relations Law (Consol. Laws, chap. 14 [Laws of 1909, chap. 19], § 114, as amd. by Laws of 1915, chap. 352, and Laws of 1916, chap. 453), except that since 1915 the words " person adopted " have been substituted for the word " minor." And such was the law at the time of the death of the intestate, by which the plaintiff's right must be determined.

(*Carpenter* v. *Buffalo General Electric Co.*, 213 N. Y. 101.) There can be no doubt but that a foster parent and an adopted child inherit from each other the same as though the natural relation of parent and child existed between them, and that such right extends to the heirs and next of kin of the adopted child, as before stated. But I fail to find any specific provision in the statute extending the right of the adopted child to inherit from the next of kin of the foster parent.

The *Carpenter Case (supra)* and the *Hoyt* cases (*United States Trust Co.* v. *Hoyt*, 150 App. Div. 621; 115 Misc. Rep. 663; 173 App. Div. 930; 223 N. Y. 616) are principally relied upon to support this judgment. In the *Carpenter* case the question was whether a brother of a deceased foster father was a next of kin of his brother's adopted child, entitling him to damages from a wrongdoer who caused the death of the child, and the Court of Appeals answered the question in the affirmative. Much reliance is placed upon what was said by the Court of Appeals in that case, but the reasoning there is directed to the question whether a collateral relative of a foster father is a legal next of kin of the adopted child, and not whether the adopted child is a next of kin of the collateral relative.

In the *Hoyt* case the question arose over the construction and effect of a deed of trust leaving property to the foster parents of an adopted child, with remainder over to the next of kin of her foster father, and the question was whether the adopted daughter was the sole next of kin of her foster father to the exclusion of collateral relatives, and it was held that as the adopted child, at the time of her foster father's death, intestate, had the right of inheritance from him to her by the statute, she was his sole next of kin under the provisions of the Statute of Distribution, and by the provisions of the trust deed became entitled to the principal and accumulated income of the fund. (150 App. Div. 621.)

The same question was again presented before the Special Term (115 Misc. Rep. 663). The learned justice, after citing authorities, states that he would feel bound to hold that the adopted child was not entitled to participation as a next of kin of Reuben Hoyt, a brother of her foster parent, except for the announcement by the Court of Appeals in the *Carpenter* case, and then reaches the conclusion that if the statute is to be read as allowing representation by collaterals through the foster parent, its scope and meaning are such as to include the precisely correlative right of the foster child to take by inheritance through the foster parent from collateral relatives, finally holding that the adopted child was one of the next of kin of Reuben M. Hoyt. The decision of the Special Term was affirmed by the Appellate Division without opinion (173

App. Div. 930) and likewise by the Court of Appeals without an opinion. (223 N. Y. 616.)

An examination of the briefs discloses that the question was also raised in the Court of Appeals that the decision of the Appellate Division on the first appeal not having been appealed from was *res adjudicata*. We have no means of knowing upon what ground the affirmance by the Court of Appeals was placed. But, as before stated, the question in the *Hoyt* case was the construction to be placed upon the provisions of the deed of trust, and the decision by the Appellate Division on the first appeal was placed upon the precise ground that the adopted daughter was the next of kin of her foster father, and, therefore, she was within the provisions of the deed of trust.

In *Winkler* v. *New York Car Wheel Co.* (181 App. Div. 239) the Third Department held that an adopted child is not an heir at law or next of kin of the father of the adopting parent, and we have held since the decision by the Court of Appeals in the *Carpenter* case that an adopted daughter is not a next of kin of her foster mother's deceased sister within the meaning of the Adoption Statute. (*Matter of Powell*, 112 Misc. Rep. 74; 193 App. Div. 965; 198 id. 969.) I think we should follow our decision in the *Powell* case until overruled by the Court of Appeals.

The finding that the plaintiff is an heir at law and next of kin of Harrison L. Hopkins, and such findings as fix the interest of plaintiff and the other parties in the lands and premises should be disapproved and reversed, and the judgment should be reversed and the complaint dismissed, with costs.

All concur, except HUBBS and CLARK, JJ., who dissent in a memorandum by CLARK, J.

CLARK, J. (dissenting):

I dissent and vote for affirmance on the authority of *Carpenter* v. *Buffalo General Electric Co.* (213 N. Y. 101) and *United States Trust Co.* v. *Hoyt* (115 Misc. Rep. 663; affd., 173 App. Div. 930; 223 N. Y. 616).

When the statute (Dom. Rel. Law, § 114, as amd. by Laws of 1915, chap. 352, and Laws of 1916, chap. 453) provides that an adopted child and its foster parents shall sustain to each other the legal relation of parent and child, and have all the rights and be subject to all the duties of that relation, including the right of inheritance from each other, and that such right of inheritance extends to the heirs and next of kin of the person adopted, and that such heirs and next of kin shall be the same as if he were a legitimate child of the person adopting, it means that when

a child is legally adopted, .as plaintiff was in this case, the child becomes in. law the same as a natural child of the foster parents, with all the rights of inheritance that a natural child would possess.

If this plaintiff- had been the natural child of Benjamin W. Hopkins, no question would be raised as to her right to share in the real property of his deceased brother, Harrison L. Hopkins, who died intestate leaving no descendants and leaving only a brother and sister. (See Decedent Estate Law, § 87.) I am of the opinion that the Domestic Relations Law (*supra*) is broad enough to carry out the evident legislative intent to have this right of inheritance of an adopted child, in every way, both actual and possible, precisely the same as that of a natural child born in lawful wedlock, and the above cases seem to justify that conclusion.

HUBBS, J., concurs.

Interlocutory judgment reversed and complaint dismissed, with costs. Such findings as fix the interest of plaintiff and the other parties in the lands and premises are disapproved and reversed.