## BERTHOLF v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(Circuit Court of Appeals, Second Circuit.
March 7, 1927.)

No. 219.

I. Courts ⬤⇒366(I)—Construction of state statutes by state's highest courts is accepted by federal courts.

Federal courts accept the construction of state statutes by authoritative decisions of state's highest courts.

2. Death ⬤⇒31(5)—Adopted daughter held not entitled to recover for death of legitimate son of her adoptive parents (Decedent Estate Law N. Y. § 98, subd. 5; Domestic Relations Law N. Y. § 114).

Under Decedent Estate Law N. Y. (Consol. Laws, c. 13) § 98, subd. 5, and Domestic Relations Law, N. Y. (Consol. Laws, c. 14) § 114, construed by New York Court of Appeals to

preclude adopted daughter from inheriting from legitimate son of her foster parent as next of kin, an adopted daughter, who alone survived legitimate son of her adoptive parents killed while in his employment, was not entitled to recover for his death.

In Error to the District Court of the United States for the Southern District of New York.

Action by Sarah L. C. Bertholf, as administratrix of the goods, chattels, and credits of Douglas Maher, deceased, against the United States Shipping Board Emergency Fleet Corporation. Judgment for defendant, and plaintiff brings error. Affirmed.

Edward A. Vosseler, of New York City, for plaintiff in error.

Emory R. Buckner, U. S. Atty., of New York City (Edgar G. Wandless, Special Asst. U. S. Atty., etc., of New York City, of counsel), for defendant in error.

Before MANTON, HAND, and SWAN, Circuit Judges.

PER CURIAM. Douglas Maher was killed while in the employ of the defendant in error. His parents in their lifetime adopted a child, Dorothy Maher, and she alone survived him as his next of kin. This suit is brought to recover the damages she sustained by reason of the loss of his life. Under section 98, subd. 5, of the Decedent's Estate Law of New York (Consol. Laws, c. 13), where an unmarried son dies, leaving no parent living, his sisters and brothers inherit his property as next of kin. Section 114 of the Domestic Relations Law (chapter 19 of the Laws of 1909 [Consol. Laws, c. 14]) of New York, provides that the foster parent or parents of the person adopted and the foster child sustain toward each other the legal relation of parent and child, and have all the rights and are subject to all the duties of that relation, including the right of inheritance from each other. And such right of inheritance extends to heirs and next of kin of the person adopted, and such heirs and next of kin shall be the same as if he were the legitimate child of the person adopting.

[1, 2] The Court of Appeals, the court of last resort of the state of New York, in construing these provisions of the state statutes, has determined that an adopted daughter may not inherit from a legitimate son of her foster parent as next of kin. Hopkins v. Hopkins, 202 App. Div. 606, 195 N. Y. S. 605, affirmed 236 N. Y. 545, 142 N. E. 277; Carpenter v. Buffalo General Electric Co., 213 N. Y. 101, 106 N. E. 1026, Ann. Cas. 1916C, 754; United States Trust Co. of New York v. Hoyt, 173 App. Div. 930, 158 N. Y. S. 1133, affirmed 223 N. Y. 616, 119 N. E. 1083. The national courts accept the construction of state statutes by authoritative decisions of the state's highest courts. Since Dorothy Maher is the sole survivor making claim of right to recover for loss of the life of Douglas Maher, this action may not be maintained for her as such collateral relative.

Judgment affirmed, with costs.