In the Matter of the Petition of GIOVANNI COSTIGLIOLA and Another for the Legal Adoption of MIRIAM CASULA, a Minor under the Age of Twelve Years.

Supreme Court, Kings County, June 29, 1928.

**Adoption — jurisdiction — jurisdiction over voluntary adoption proceedings in Kings county is not vested in Supreme Court by reason of State Constitution, art. 6, § 11 — application for voluntary adoption of minor should be presented to surrogate of Kings county pursuant to Dom. Rel. Law, § 112.**

The jurisdiction over voluntary adoption proceedings in Kings county is not vested in the Supreme Court by reason of the provisions of section 11 of article 6 of the State Constitution, which withdrew all civil jurisdiction from the County Court of Kings county.

Since the County Court of Kings county is without jurisdiction, the jurisdiction of the Surrogate's Court of Kings county should be invoked, on this proceeding for the voluntary adoption of a minor, pursuant to the provisions of section 112 of the Domestic Relations Law (as amd. by Laws of 1924, chap. 323).

PROCEEDING for voluntary adoption of minor.

*Joseph Iannelli,* for the petitioners.

CALLAGHAN, J. This application presents the interesting question whether this court has jurisdiction to make an order for the voluntary

adoption of a child. The precise question has not, so far as my examination discloses, been presented.

The authorities agree that a proceeding for the voluntary adoption of children was unknown to the common law in England and consequently unknown to the common law of this State and that it exists only by virtue of the statute. Concededly the Legislature has power to enact the statutes for the adoption of children. (*Matter of Thorne,* 155 N. Y. 140; *Matter of Livingston,* 151 App. Div. 1; *Carroll* v. *Collins,* 6 id. 106; *Carpenter* v. *Buffalo General Elec. Co.,* 213 N. Y. 101.)

Chapter 830 of the Laws of 1873 was the first expression of the Legislature on the subject of the adoption of children. By subdivision 8 of that section parties interested in the adoption were required to appear before the county judge of the county in which the person adopted resides and the necessary consents signed and the agreement executed by the person adopting. Apparently it was not the intention of the Legislature to vest in any other than the County Court the power for the voluntary adoption of children. The act of 1873 was repealed by the original Domestic Relations Law, chapter 272 of the Laws of 1896. This act (Art. VI) required the parties to appear before the county judge or the surrogate. The Domestic Relations Law of 1909, section 112, was again changed by chapter 323 of the Laws of 1924 so as to vest jurisdiction over adoption proceedings in the Children's Court, County Court and the Surrogate's Court of the county where the foster parent or parents of the infant reside. By article 6, section 11, of the Constitution of this State all civil jurisdiction was taken from the County Court in Kings county, but the jurisdiction of the County Court over adoption proceedings was not, by virtue of the constitutional provision referred to, vested in the Supreme Court.

It is well recognized that this court has jurisdiction over infants who are its wards, but that question is not involved here. By a legal adoption the child is given among other things the right to inherit, and the inherent power of this court cannot be extended in the absence of the statute to give, even to its wards, any such right.

For the reasons stated this application is denied, but counsel may present the petition to the surrogate of this county for such action as is proper.