In the Matter of the Estates of PETER W. GALLAUDET and MARGARET E. GALLAUDET, Deceased.

Surrogate's Court, New York County, April 12, 1929.

*Ray H. Shoemaker* [*George L. Livingston* of counsel], for Miriam Eltz Davey.

*Louis Siegel* for Harold G. Beveridge, as administrator of Peter W. Gallaudet, deceased.

*Pickett & Pickett*, for Ætna Casualty and Surety Company.

*Hamilton & Freeman*, for American Surety Company.

FOLEY, S. The issues raised by the papers filed in these compulsory accounting proceedings are determined as follows:

The evidence clearly shows that the two decedents had a natural daughter, Belle Gallaudet Beveridge, and further, that Cora M. Gallaudet was adopted by them by order of adoption dated May 30, 1874; that the latter married Gustave C. Walton on March 4, 1889, and that Charles C. Walton was the only child born of that

marriage. Cora M. Gallaudet Walton died on August 20, 1896. Charles C. Walton died on September 29, 1918, leaving a will in which the petitioner, Miriam E. Davey, was named as sole legatee.

Margaret E. Gallaudet died intestate on March 11, 1899, and Peter W. Gallaudet died intestate on January 10, 1903. From the foregoing facts it appears that at the time of the death of Margaret E. Gallaudet she was survived by her husband Peter, her foster grandchild, Charles C. Walton, as well as by Belle G. Beveridge, her natural daughter. The question presented is whether or not the laws applicable to adoptions entitled Charles C. Walton to participate in the distribution with Belle G. Beveridge in each of the estates. If that question is to be answered in the affirmative, then the petitioner, Miriam E. Davey, as the sole legatee of Charles C. Walton, is entitled to a one-half share in each estate, and the other one-half share is distributable to Harold G. Beveridge, the son of Belle G. Beveridge, who died on February 7, 1928.

The decree of adoption above mentioned recited that it was under the provisions of chapter 830 of the Laws of 1873. That statute provided that the adopted child was not entitled to inherit from the foster parents. Chapter 703 of the Laws of 1887 amended the act of 1873 so that an adopted child was given the right of inheritance. The latter statute further provided, " the heirs and next of kin of the child so adopted shall be the same as if the said child was the legitimate child of the person so adopting. * * *" That right of inheritance in the adopted child and in his heirs and next of kin has been continued to date and is now embodied in section 114 of the Domestic Relations Law (as amd. by Laws of 1925, chap. 608), which, so far as material, now provides: " The foster parent or parents and the person adopted sustain toward each other the legal relation of parent and child, and have all the rights and are subject to all the duties of that relation, including the right of inheritance from each other, * * * and such right of inheritance extends to the heirs and next of kin of the person adopted, and such heirs and next of kin shall be the same as if he were a legitimate child of the person adopting, * * *."

I hold that Charles C. Walton, who is the sole heir at law and next of kin of Cora M. Gallaudet, was entitled to a one-half share of the net estate of Margaret E. Gallaudet when the latter died in 1899, as well as a one-half share in the estate of Peter W. Gallaudet when he died in 1903. It is well settled that the right of an adopted child or his heirs to inherit from a foster parent is to be determined by the law in force at the time of the foster parent's death and not at the time of the adoption. (*Carpenter* v. *Buffalo General Electric*

*Co.*, 213 N. Y. 101, 104; *Gilliam* v. *Guaranty Trust Company*, 186 id. 127; *Rosenkrans* v. *Rosenkrans*, 163 App. Div. 730, 732; *Dodin* v. *Dodin*, 16 id. 42; affd., 162 N. Y. 635.) In the *Carpenter* case the order of adoption was made in 1884, pursuant to the provisions of chapter 830 of the Laws of 1873. In the *Gilliam* case the order of adoption was also made prior to the 1887 amendment. *Dodin* v. *Dodin* is also a case wherein the order of adoption was made prior to the amendment of 1887 and in all three of those cases the adopting parent died subsequent to the amendment. As pointed out in the *Carpenter* case (at p. 104): " The right of adoption was recognized and practiced among a number of the continental nations, though it was not embodied in the common law of England. It exists in this state by enactment of the legislature wherein is defined the legal rights and relations of the foster parent or parents and the adopted child, and such statute must be read in connection with the provisions of the Domestic Relations Law. As no right of inheritance or succession could arise prior to the death of the intestate, and the legislature was empowered at any time to repeal or amend the statute, the law in force at the time of the death of the intestate (1911) is controlling upon the question presented in this case." (Citing *Dodin* v. *Dodin* and *Gilliam* v. *Guaranty Trust Co., supra.*)

It follows that on the respective deaths of Margaret E. and Peter W. Gallaudet, intestate, Charles C. Walton and Belle G. Beveridge were each entitled to a one-half share in the net estates, and the former having subsequently died leaving a will in which the petitioner is named as sole legatee, she is a party interested in the estates, and is, therefore, entitled to the accountings. Submit orders on notice accordingly.