In the Matter of the Estate of IDA M. HALL, Deceased.*

Surrogate's Court, Clinton County, August 22, 1931.

*Egbert C. Everest* [*Victor F. Boire* of counsel], for William H. Sholes; May R. Collison and George C. Sholes.

*Osborn, Bloodgood, Wilbur & Fray* [*Frank H. Osborn* of counsel], for Samuel C. Hall, Ada Campbell, Flora Tiffany and Luella Planck.

*Smyth & Tuttle* [*Bruce R. Tuttle* of counsel], for Emma L. Lewis.

HARRINGTON, S. Ida M. Hall died intestate on September 15, 1930, a resident of the city of Plattsburgh, N. Y. She was the widow of Edward Hall, formerly a resident of Plattsburgh. Her nearest relatives are first cousins. Flora Tiffany, Luella Planck, Ada Campbell and Samuel C. Hall are the children of two sisters of decedent's father. William H. Sholes, George C. Sholes and May R. Collison are the children of Henry Sholes, a brother of decedent's mother. Emma L. Lewis is the adopted daughter of Romeo W. Sholes, a brother of decedent's mother. The only question in dispute is whether Emma L. Lewis, as the adopted daughter of Romeo W. Sholes, is an heir at law and next of kin of the decedent and entitled to share in her estate equally with decedent's first cousins, as above mentioned.

In *Winkler* v. *New York Car Wheel Company* (181 App. Div. [Third Department] 239) the decedent left surviving him, as his only apparent heir at law and next of kin, a child nine years of age, the adopted daughter of the decedent's daughter. It was conceded that this child was dependent upon the decedent at the time of his decease. The question before the court was whether compensation should be awarded to said infant under section 16 of

* Affd., 234 App. Div. ——.

the Workmen's Compensation Law. Upon the construction of section 114 of the Domestic Relations Law, relating to the effect of adoption, the court held that the right of inheritance was by that section extended only as between the foster parent and adopted child and between the children of the adopted child and the foster parent; that the statute did not make such child the heir at law or next of kin of any of the collateral relatives of his foster parents; that this statute would not indicate that it was the intention of the Legislature to permit one to adopt heirs for third persons. The award of compensation to the adopted child was accordingly refused and the claim dismissed.

In *Hopkins* v. *Hopkins* (202 App. Div. [Fourth Department] 606; affd. without opinion, 236 N. Y. 545) the decedent was survived by a brother and sister and the adopted daughter of a deceased brother. The adopted daughter commenced an action to partition certain lands in which the decedent had an undivided one-fourth interest, claiming that she was an heir of the decedent. The court held that the above mentioned statute did not extend the right of an adopted child to inherit from the next of kin of the foster parent. (See, also, *Matter of Rundels*, 216 App. Div. [Fourth Department] 658, holding that the adopted daughter of a deceased brother was not one of decedent's next of kin so as to permit her to file objections to the probate of decedent's will.)

Counsel for Emma L. Lewis admits that he expects this court to feel bound to follow the decisions above cited, but that the claim of his client is presented by reason of the fact that other similar cases passed upon by the Court of Appeals would seem to be in conflict with the above-mentioned cases, namely, *Carpenter* v. *Buffalo General Electric Company* (213 N. Y. 101); *U. S. Trust Company* v. *Hoyt* (115 Misc. 663; affd. without opinion, 173 App. Div. 930; affd. without opinion, 223 N. Y. 616).

I believe the *Carpenter* case is clearly distinguishable from the case at bar. Here, the decedent was the adopted son of his maternal aunt. He was survived by his natural father, a brother and two sisters of his foster mother, one of whom was his natural mother. The decedent's foster mother predeceased him, intestate. The question was presented as to whether the natural father was the decedent's next of kin or whether the brother and two sisters of the decedent's foster mother were to be regarded as his next of kin. The court held that the effect of adoption, pursuant to the statute, cut off any further rights for the natural parents to inherit from the adopted child. It further held that as the statute expressly provided that the heirs at law and next of kin of an adopted child " should be the same as if he were the legitimate child of the person

adopting," the brother and two sisters of the decedent's foster mother should be regarded as decedent's next of kin. In other words, this case does not hold that an adopted child can inherit from collateral relatives of his foster parents. It holds that the language of the statute defines the next of kin of an adopted child in such a manner as to include the collateral relatives of the foster parent. While, as suggested in the *Hoyt* case, it would seem that if this statute is to be construed as allowing representation by collaterals through the foster parent, it should also be construed so as to allow the foster child to take by inheritance from collateral relatives of the foster parent, the fact is that the language of the statute does not so provide.

In the *Hoyt* case the decedent, by a deed of trust, created a trust fund for his son for life, with the remainder over, under certain conditions, to the next of kin of his son. The court held that an adopted daughter of a deceased brother of the beneficiary under the deed of trust was one of the next of kin of said beneficiary and entitled to inherit part of the trust fund. It is difficult to reconcile this case with those above mentioned. In this case the deed of trust directed that the remainder of the trust fund should be distributed to the " next of kin " of the life beneficiary thereof. The words " next of kin " have a well-defined meaning and refer to that class of persons mentioned in the Decedent Estate Law who succeed to personal property in case of intestacy. (*Tillman* v. *Davis*, 95 N. Y. 17, 25; *Burns* v. *Burns*, 190 id. 211, 215; *New York Life Ins. & Trust Company* v. *Winthrop*, 237 id. 93, 108.) Section 83 of the Decedent Estate Law (as amd. and renum. by Laws of 1929, chap. 229), formerly section 98, now provides for the method of descent and distribution of an estate in case of intestacy. The fact that this deed of trust directed that the remainder of the trust fund should be distributed to the " next of kin " of the life beneficiary upon his death, does not, in my opinion, distinguish this case from those above mentioned where the collateral relatives of the foster parent of an adopted child died intestate, and the court was asked to decide what persons were the decedent's " next of kin." Except for section 114 of the Domestic Relations Law (as amd. by Laws of 1925, chap. 608), which defines the class that is to constitute the " next of kin " of an adopted child, every other person's " next of kin " are defined in section 83, formerly section 98, of the Decedent Estate Law. Such term should have the same meaning whether that person dies intestate or whether he dies testate leaving an instrument directing the distribution of his property to his " next of kin." In the *Hopkins* case, where the decedent died intestate,

an adopted child was held not to be a " next of kin " of the deceased brother of her foster parent. In the *Hoyt* case, where the issue arose with respect to a deed of trust in which the remainder was directed to be distributed to the " next of kin " of the life beneficiary, an adopted daughter of a deceased brother of the beneficiary was held to be one of the " next of kin " of the decedent.

While I am unable to clearly distinguish the decision in the *Hoyt* case from those previously mentioned, it is sufficient to say that in the case at bar no deed of trust, as in the *Hoyt* case, is involved. The decedent died intestate and the only question at issue is whether under such circumstances an adopted child can take through her foster parent so as to be included within the class of " next of kin " of the decedent. Upon this question, I am convinced that I should follow the decisions in the *Winkler* case and the *Hopkins* case. I must, therefore, decide that Emma L. Lewis is not an heir at law or next of kin of the decedent and is not entitled to inherit any part of decedent's estate.

Prepare decree accordingly.