In the Matter of Probate of Heirship in Administration of the Estate of IDA M. HALL, Deceased.

EMMA L. LEWIS, Appellant; SAMUEL CLIFFORD HALL and Others, Respondents.*

Third Department, December 30, 1931.

*Smyth & Tuttle* [*Bruce R. Tuttle* of counsel], for the appellant.

*Osborn, Bloodgood, Wilbur & Fray,* for Samuel Clifford Hall and others; *Egbert C. Everest,* for William H. Sholes and others [*Frank H. Osborn* and *John L. Fray* of counsel], for the respondents.

WHITMYER, J. Whether or not Emma L. Lewis, the adopted daughter of an uncle of Ida M. Hall, deceased, is entitled to share in the estate of said Ida M. Hall, as one of her heirs, is the only question.

---

* Affg. 141 Misc. 169.

She was adopted by the said uncle on January 19, 1884. He died in 1908, leaving her surviving but leaving no descendants of his own blood.

Ida M. Hall died intestate on September 15, 1930, seized in fee of certain real property in this State, leaving her surviving four first cousins on her father's side and three on her mother's side, who were adjudged by the surrogate to be her only heirs at law and next of kin.

The right of an adopted child to inherit from the collateral kin of the foster parent is the precise question.

Section 114 of the Domestic Relations Law (as amd. by Laws of 1925, chap. 608), relating to " Effect of adoption," provides, so far as material, that " * * * The foster parent or parents and person adopted sustain toward each other the legal relation of parent and child, and have all the rights and are subject to all the duties of the relation, including the right of inheritance from each other," that " such right of inheritance extends to the heirs and next of kin of the person adopted," and that " such heirs and next of kin shall be the same as if he were the legitimate child of the person adopting * * *."

In 1914 it was decided that the sisters and brother of a deceased foster parent were the next of kin of the deceased adopted child. (*Carpenter* v. *Buffalo General Electric Co.*, 213 N. Y. 101.)

In 1915 it was decided that an adopted child of a foster parent should be included among the next of kin of a deceased brother of such foster parent. (*United States Trust Co.* v. *Hoyt*, 115 Misc. 663; affd., 173 App. Div. 930; affd., 223 N. Y. 616.)

The annotation in McKinney's Consolidated Laws, under the subject " Collateral Inheritance," book 14, section 114, bottom of page 221, is that an adopted child may inherit from the collateral kin of the foster parent and that the collateral kin of the foster parent may inherit from the adopted child.

On the other hand, in 1906, it was held that the proceeding of adoption and the relation established thereby are personal to the foster parent and the child and that the right of inheritance is not given to the child to inherit through the foster parent from his collateral kin. (*Kettell* v. *Baxter*, 50 Misc. 428.)

In 1917, in *Winkler* v. *New York Car Wheel Co.* (181 App. Div. 239, 241) the court said: " There is nothing in the statute to lead to the belief that it was the intention of the Legislature to permit one to adopt heirs for third persons," and that such a provision cannot be arbitrarily inferred without something in the statute clearly indicating it.

In 1922 the right of an adopted child to inherit as an heir at law

and next of kin of collateral relatives of its foster parent was denied. (*Hopkins* v. *Hopkins*, 202 App. Div. 606; affd., 236 N. Y. 545.)

If there are conflicting opinions, we think that the statute, as it reads, does not show an intention to permit one to adopt heirs for third persons.

The decree should be affirmed.

All concur.

Decree affirmed, with costs payable out of the estate.