In the Matter of the Estate of DAVID BRENNER, Deceased.

Surrogate's Court, New York County, March 15, 1933.

*George V. Grainger*, for Robert Colin, petitioner, appellant.

*Abraham B. Keve* [*Kirkland J. Keve* of counsel], for the estate of David Brenner.

*Benjamin Antin*, for Mildred Seldis.

FOLEY, S.   This is an application for leave to intervene in the administration proceeding.   The petitioner is the general guardian of a child who was adopted by a daughter of the decedent.   This daughter predeceased the decedent.   The petitioner seeks to establish the status of his ward as one of the next of kin of the decedent.

The law of this State is well settled that a child adopted by a relative of a decedent is not one of the next of kin of that decedent. (Dom. Rel. Law, § 114; *Hopkins* v. *Hopkins*, 202 App. Div. 606; affd., 236 N. Y. 545; *Matter of Hall*, 234 App. Div. 151; affd., 259 N. Y. 637; *Winkler* v. *N. Y. Car Wheel Co.*, 181 App. Div. 239; *Matter of Marsh*, 143 Misc. 609.)   It is stated by the Appellate Division, Third Department, in its decision in *Matter of Hall* (*supra*): " If there are conflicting opinions, we think the statute, as it reads, does not show an intention to permit one to adopt heirs for third persons."   Briefly stated, the rule is that an adopted child inherits from his foster parents, but not through them.   An adopting parent, under the law, takes the adopted child as one of his prospective next of kin.   The foster parent cannot fasten the adopted child, for inheritance purposes, upon his relations.   The only authority in support of the petitioner's contention that his ward is one of the next of kin is *U. S. Trust Co.* v. *Hoyt* (115 Misc. 663; affd., 173 App. Div. 930; affd., 223 N. Y. 616).   That case has been criticized by the subsequent contrary decisions and has little value as an authority.   Moreover, the *Hoyt* case involved the construction of the language of a deed of trust.   In the present estate the decedent died intestate.   Fully cognizant of the existing rule, that the relatives of a foster parent are the next of kin of an adopted child, while the adopted child is not a next of kin of his foster parents' relatives, the Commission to Investigate Defects in the Laws of Estates carefully considered proposed amendments to section 114 of the Domestic Relations Law.   The existing rule was believed to be based on sound public policy and the proposed change in the rule, to make the adopted child a next of kin for all purposes, was rejected by the Commission.   The only recommendation made was that the statute be amended so as to provide that where two or more children were adopted by the same foster parent, one child might inherit from the other.   (Third Supplemental Report of

Commission to Investigate Defects in the Laws of Estates, Leg. Doc. 1931, No. 69, p. 93.) The recommendation was accepted by the Legislature and the statute was so amended by chapter 562 of the Laws of 1931. In accordance with the clearly established rule, I hold that the petitioner's ward is not a next of kin of the decedent and is not interested in this estate. The application must, therefore, be denied.

Submit order on notice accordingly.