In the Matter of the Application for the Adoption of HELEN O'KEEFE by WALTER W. JACOBIE.

Surrogate's Court, Saratoga County, October 13, 1937.

*Salvatore J. Lombruno* [*James S. Kiley* of counsel], for Helen O'Keefe Jacobie.

*Barkhuff & Conway*, for Isabella Jacobie.

*L. R. Lewis*, for Raymond Jacobie, Jr., and Raymond Jacobie, Sr.

TUCK, S.  This is an application on the part of Isabella Jacobie to have an order heretofore made and entered in the above-entitled proceeding permitting and confirming the adoption by Walter W. Jacobie of Helen O'Keefe, an adult person, vacated.

A petition was made by Walter W. Jacobie reciting the jurisdictional facts upon which the order heretofore made was entered. Among the jurisdictional facts set out in the petition of Walter W.

Jacobie were an allegation that he was sixty-five years of age at that time (1934) and that he was a widower.

Thereafter and on the 2d day of August, 1935, Walter W. Jacobie died, and a petition was filed August 22, 1935, on the part of the petitioner, Helen Jacobie, for the probate of his will dated August 17, 1934, and thereafter and on the 16th day of September, 1935, a petition was filed by Raymond Jacobie, a brother of Walter W. Jacobie, for the probate of a will dated February 8, 1933.

Upon the return of process issued upon these petitions, contesting allegations were filed by Isabella Jacobie to the paper dated August 17, 1934, and purporting to be the will of Walter W. Jacobie, deceased, and further objections were made to the same instrument by Raymond Jacobie, Jr.

Thereafter Isabella Jacobie filed an affidavit upon an application to vacate and set aside the order heretofore entered in the above-entitled proceeding upon the ground that the order was obtained by reason of false and misleading statements contained in the petition and in the papers accompanying the petition which form a part of the application and by reason of the fact that the petitioner was married and had a wife living, and that the surrogate did not have jurisdiction to grant the adoption and that the order of the surrogate purporting to allow and confirm said adoption was in fact null and void and of no effect for lack of jurisdiction.

At common law adoption of children as now understood did not exist, and as now applied its basis is entirely statutory. (*Carpenter* v. *Buffalo General Electric Co.,* 213 N. Y. 101, 103; *Matter of MacRae,* 189 id. 142.)

The status and rights of adopted children are of purely statutory creation. (*United States Trust Co.* v. *Hoyt,* 150 App. Div. 621.)

The statutory provisions relating to adoption in 1915 (Laws of 1915, chap. 352) were " An adult unmarried person, or an adult husband or wife, or an adult husband and his adult wife together, may adopt a person of the age of twenty-one years and upwards or a minor in pursuance of this article, and a child shall not hereafter be adopted except in pursuance thereof."

The foregoing is now part of section 110 of the Domestic Relations Law.

Section 111 of the Domestic Relations Law, so far as pertinent here, reads as follows:

" § 111. Whose consent necessary. * * * Consent to adoption is necessary as follows:

" 5. * * * Where the person to be adopted is of the age of twenty-one years * * * the consents of the persons referred to in the preceding subdivisions of this section shall not be required."

Section 110 of the Domestic Relations Law was thereafter amended by chapter 433 of the Laws of 1920, and by chapter 323 of the Laws of 1924, and by chapter 608 of the Laws of 1925, and by chapter 314 of the Laws of 1929, and the provisions thereof authorizing adoption in June, 1934, read as follows: " An adult unmarried person, or an adult husband and his wife together, may adopt a person of the age of twenty-one years and upwards or a minor in pursuance of this article; and an adult husband or an adult wife may also adopt the natural child of the other spouse, of the age of twenty-one years and upwards or a minor, in pursuance of this article."

An authority cited to the court is *Matter of Browning* (153 Misc. 564).

In the second opinion reported under that title Surrogate DELE-HANTY, of New York county, wrote concerning an adoption authorized and confirmed upon petition filed with the court on May 3, 1918.

This decision does not apply in the instant case. The section has been amended since 1918 in a way which is especially applicable to the facts of our present case.

In 1918 the statute permitted an adult husband or wife to adopt. Under the provisions of the law in effect in 1934, that phrase read: " *or an adult husband and his adult wife together.*"

A certified copy of the record of marriage of Walter W. Jacobie and Isabella C. Simpson on the 11th day of January, 1901, by F. H. Chapman, justice of the peace, at the city of Rutland, Vt., was received in evidence.

A separation agreement in writing made and executed by Walter W. Jacobie and Isabella S. Jacobie dated December 28, 1927, was offered in evidence and was received by the court for identification under objection of the applicant here and decision upon the matter of receiving the paper in evidence was reserved.

The court now sustains the objection to the receipt of the instrument in evidence.

There was offered and received in evidence a certified copy of the judgment of divorce in the action of Thereon I. Baker, plaintiff, against Isabella Baker, defendant, made on the 8th day of December, 1900, by Hon. JAMES W. HOUGHTON and entered in Saratoga county clerk's office December 19, 1900.

The provisions of the judgment prohibited the defendant to marry again until the plaintiff should be actually dead. These provisions had no extraterritorial effect and did not prohibit the defendant from remarrying in the State of Vermont. (*Fisher* v. *Fisher*, 250 N. Y. 313; *Thorp* v. *Thorp*, 90 id. 602.)

It seems apparent to the court that certain of the allegations made in the application for adoption were not true in fact and were false representations.

The court assumed the facts stated in the application were true since they were in nowise questioned at the time of the application.

Walter W. Jacobie and Isabella Jacobie were on the 15th day of June, 1934, husband and wife and the court was without jurisdiction to grant or confirm the adoption prayed for in the petition of Walter W. Jacobie, and the order purporting to grant and confirm the said adoption was null and void, and it should be vacated and set aside as of no force and effect.

Submit order accordingly upon notice.