WILLIAM H. BISHOP and Others, Plaintiffs, *v.* JOHN T. BISHOP and Others, Defendants.

Supreme Court, Special Term, Kings County, February 1, 1940.

*George J. Mullen*, for the plaintiffs.

*Edward Q. Carr*, for the defendant Cecelia A. Bishop.

*Wilson, Huntington & Lord*, for the defendants John T. Bishop and others.

*Donald M. Dunn*, for the defendants Harold F. Bishop and others.

Dodd, J. This is a motion for judgment on the pleadings pursuant to the provisions of section 476 of the Civil Practice Act and rule 112 of the Rules of Civil Practice. The suit is brought for the partition of certain real property situated in the counties of Kings and New York. All of the plaintiffs and defendants have or claim an interest in the real estate of John Thomas Smith, sometimes known as Edward Smith, who died intestate in the borough of Manhattan in May, 1938. The intestate's mother and her four brothers and four sisters had predeceased him. He was unmarried and his only surviving relatives were first and second cousins. For the purpose of convenience, these relatives may be divided into three groups.

The first group consists of a first cousin, the defendant Marie Christiana Dorsey, who was the daughter of one John T. Grady, an uncle of the intestate.

The second group consists of first cousins, who are John T. Bishop, James G. Bishop and Cecelia A. Bishop. These latter were the children of one Johanna Bishop, an aunt of the intestate. George Christopher Donohue, named as a party defendant, was also a first cousin of the intestate, the complaint alleging that he survived the intestate but has since died, the time and place of his death being unknown to the plaintiffs. This latter first cousin was unmarried and was the uncle of the plaintiffs Edward J. Donohue, Joseph P. Donohue and Anna Donohue Kessel.

The third group of the relatives living at the time of the intestate's death consists of the plaintiffs William H. Bishop, Irene E. Bishop, Mary Edna Bishop (known in religion as Mother Mary Edna Bishop, of the Cenacle of St. Regis), and Ruth A. Sherman, who were the children of first cousins of the intestate who had predeceased him.

It is the defendants' contention that the only persons entitled to a share in the real estate are the *first cousins* of the intestate, under the provisions of the Decedent Estate Law, and are the only persons who have an interest, either as joint tenants or tenants in common, in the property sought to be partitioned. This contention finds

ample support pursuant to the applicable statutory provisions relating to the descent and distribution of real and personal estates.

These provisions are contained in article 3 of the Decedent Estate Law. Section 81 of that law provides: " All existing modes, rules and canons of descent are hereby abolished. The determination of the degrees of consanguinity of distributees of real and personal property shall be uniform, and shall be in accordance with the rules as applied immediately before the taking effect of this section to the determination of the next of kin of an intestate leaving personal property. All distinctions between the persons who take as heirs at law or next of kin are abolished and the descent of real property and the distribution of personal property shall be governed by this article except as otherwise specifically provided by law. Whenever in any statute the words heirs, heirs at law, next of kin, or distributees, are used, such words shall be construed to mean and include the persons entitled to take as provided by this article."

Section 83 of that law provides as follows:

" The real property of a deceased person, male or female, not devised, shall descend, and the surplus of his or her personal property, after payment of debts and legacies, and if not bequeathed, shall be distributed to the surviving spouse, children, or next of kin or other persons in manner following: * * *

" 6. If there be no surviving spouse, and no children, and no representatives of a child, and no parent, the whole shall descend and be distributed to the next of kin in equal degrees to the deceased; and if all the brothers and sisters of the intestate be living, the whole shall descend and be distributed to them; if any of them be living and any be dead, *per stirpes* to the brothers and sisters living, and the descendants in whatever degree of those dead; so that to each living brother or sister shall descend or be distributed such share as would have descended or been distributed to him or her if all the brothers and sisters of the intestate who shall have died leaving issue had been living, and so that there shall be distributed to such descendants in whatever degree, collectively, the share which their parent would have received if living; and the same rule shall prevail as to all direct lineal descendants of every brother and sister of the intestate whenever such descendants are of unequal degrees. * * *

" 8. Where the distributees of the deceased, entitled to share in his estate, are all in equal degree to the deceased, their shares shall be equal. * * *

" 10. No representation shall be admitted among collaterals after brothers and sisters descendants."

This, it seems to me, sustains the defendants' contention that only the surviving first cousins of the intestate are entitled to a share in his real property. All the others are second cousins and are not proper parties to this suit. This question was before Surrogate FOLEY in *Matter of Wendel* (143 Misc. 480). He said (p. 483): "An important change was made as to the inheritance of real estate in the abolition of the former rule which permitted representation in collateral lines to the remotest degree. Representation is now permitted only as far as brothers and sisters and their descendants. Beyond brothers and sisters and their descendants, only persons within the nearest degree of relationship to the decedent are entitled to inherit intestate real or personal property. In other words, where there is a group of first cousins, as the nearest relatives, they alone are entitled to inherit. In such case if there are children or grandchildren of deceased first cousins, they are not entitled to inherit. The same rule applies to the ascertainment of the class of next of kin or heirs where there are second cousins or third cousins or more distant classes of relatives. When persons of the nearest degree of relationship establish that standing, those more remote are excluded."

If George Christopher Donohue, named herein as a defendant, survived the intestate, but subsequently died, the share he would be entitled to receive, if living, would go to the plaintiffs Edward J. Donohue, Joseph P. Donohue and Anna Donohue Kessel, who are the children of the predeceased brother of George Christopher Donohue.

I am, therefore, of the opinion that the motions of the defendants John T. Bishop, James G. Bishop, Marie Christiana Dorsey and Cecelia A. Bishop must be granted, and that the complaint should be dismissed as to the plaintiffs William H. Bishop, Irene E. Bishop, Mary Edna Bishop, known in religion as Mother Mary Edna Bishop of the Cenacle of St. Regis, and Ruth A. Sherman; that the suit should be continued in the names of Edward J. Donohue, Joseph P. Donohue and Anna D. Kessel, as plaintiffs, for the trial of the issue as to whether George Christopher Donohue predeceased the intestate, for, if he did not, they would be entitled to receive his share of this property; and that the names of the defendants Harold F. Bishop, George R. Bishop, Josephine E. Cullen and Christina A. Donovan (children of first cousins who predeceased the intestate) should be eliminated from the complaint, with leave to the plaintiffs Edward J. Donohue, Joseph P. Donohue and Anna Donohue Kessel to continue as plaintiffs against John T. Bishop, James G. Bishop, Cecelia A. Bishop and Marie Christiana Dorsey, individually and as administrators of John Thomas Smith, deceased, and George Christopher Donohue, as defendants. Settle order on notice.