In the Matter of the Estate of MARGARET E. MEYER, Deceased.

Surrogate's Court, New York County, May 19, 1953.

*Arnold A. Levin* for Frederick F. Fox, petitioner.

*Rogan & Rogan* for John A. Fox, Jr., and another, as executors of Margaret E. Meyer, deceased, respondents.

COLLINS, S. The executors move to dismiss the petition of Frederick F. Fox which seeks to reopen the probate proceeding and to vacate the decree admitting the decedent's will and codicil to probate. They contend that the petition is insufficient in law because it fails to show that the petitioner is a distributee of the decedent who would take in the event the decedent died intestate.

The decedent was adopted in 1928, by Lizzie O. Meyer, who died in 1929, leaving her surviving the decedent as her adopted daughter and some collateral relatives. Lizzie O. Meyer had no natural children.

Decedent died on November 26, 1951, survived by natural relatives consisting of a brother, a niece and a nephew. They of course cannot take as her distributees (*Carpenter* v. *Buffalo Gen. Elec. Co.,* 213 N. Y. 101; *Matter of Hodges,* 294 N. Y. 58). Her nearest relative by virtue of her adoption was John A. Fox, Sr., a nephew of her foster mother. The petitioner in the application to reopen the probate proceeding is a grandnephew of decedent's foster mother, his father, Alvin B. Fox, having died in 1923. The petitioner also has two sisters who have appeared in this proceeding to reopen the probate decree.

The basis of the motion to dismiss is that the petitioner and his sisters are children of a foster first cousin of decedent, who were not required to be cited in the probate proceeding since she left her surviving John A. Fox, Sr., a foster first cousin of another stock who is of nearer degree of kinship. The petitioner contends, however, that no relationship of cousin ever arose by virtue of decedent's adoption and that he must be regarded as a grandnephew of decedent's foster mother and not as a child of a cousin of decedent. As such grandnephew it is claimed that he as well as his sisters are distributees of the foster mother of the decedent and are interested parties.

Adoption was not recognized at common law and is purely a creature of statute (*Betz* v. *Horr,* 276 N. Y. 83; *Matter of Upjohn,* 304 N. Y. 366, 374). Section 115 of the Domestic Relations Law creates the relationship of parent and child between the foster parent and the foster child and provides that each " shall have all the rights and be subject to all the duties of that relation including the rights of inheritance from each other." The statute extends the right of inheritance to the distributees of such foster child and states that " such distributees shall be the same as if each such child were the natural child of the foster parents." (*Carpenter* v. *Buffalo Gen. Elec. Co., supra.*)

In order to determine therefore the distributees of the decedent it must first be ascertained who the relatives are of the decedent's foster mother. The decedent left her surviving as the only relatives of her foster mother the nephew of her foster mother, John A. Fox, Sr., and the three children of a deceased nephew, one of whom is the petitioner herein. If the decedent were the natural child of her foster mother her only distributee would be John A. Fox, Sr., who would be in the relationship of a first cousin or in the fourth degree of relationship. Since decedent, under the statute, stands in the position of a natural child of her foster parent, her surviving foster first cousin, and not the three foster first cousins once removed, or persons in the fifth degree of relationship, was the only person who could take in intestacy. Subdivision 10 of section 83 of the Decedent Estate Law admits of no representation among collaterals after brothers and sisters descendants (*Bishop* v. *Bishop,* 174 Misc. 2, affd. 259 App. Div. 917). John A. Fox, Sr., was therefore the only one of the relatives of the foster mother surviving the decedent who was a necessary party to the proceeding for the probate of decedent's will.

There is nothing in either the Domestic Relations Law or in the Decedent Estate Law which in the situation here present prescribes or even suggests that distribution of the foster child's estate should pass as the foster mother's estate and not as the estate of the foster child.

The petitioner and his two sisters not being distributees of the decedent are not interested or necessary parties to the probate proceeding. The motion to dismiss the petition is therefore granted and the petition is dismissed.

Submit order on notice dismissing the petition accordingly.