MESSMORE KENDALL et al., Suing on Their Own Behalf and on Behalf of All Other Similarly Situated Former Members of Oakland Golf Club Holding Certificates of Indebtedness of Said Club, Appellants, v. OAKLAND GOLF CLUB et al., Respondents.— In a representative action by holders of certificates of indebtedness of defendant Oakland Golf Club who have resigned their membership in the club or who are representatives of deceased persons, the complaint contained five causes of action. This appeal is by plaintiffs from so much of an order on reargument as adhered to the original determination dismissing the first and third causes of action, and from the judgment entered thereon. Order and judgment, insofar as appealed from, affirmed, with $10 costs and disbursements. The first cause of action is to reform the certificates of indebtedness, delivered twenty-five years prior to the commencement of this action, on the ground of mutual mistake. The cause of action was dismissed on the ground that it was barred by the ten-year Statute of Limitations. (Civ. Prac. Act, § 53.) Plaintiffs contend that the statute began to run, not from the time of the delivery of the instruments, but from the time of the discovery of the mistake. Plaintiffs are not entitled to the benefit of that exception to the general rule because they were not in possession of any property under the instrument sought to be reformed. (*Hart* v. *Blabey,* 287 N. Y. 257, 262–263.) The third cause of action seeks a declaratory judgment that plaintiffs, upon the dissolution of defendant club or liquidation and sale of its property, are entitled to have its governors declare interest on the face amount of the certificates. The basis for the action is the certificate, a copy of which is annexed to the complaint. Since such certificate is before the court and since it is clear and unambiguous, "the rights and duties of the parties must be determined by" its "terms and not by plaintiff's characterization or construction thereof in its pleading." (*Red Robin Stores* v. *Rose,* 274 App. Div. 462, 465). In our opinion, the allegations of the third cause of action, read in the light of the

explicit provisions of the certificate, do not state a cause of action. Wenzel, MacCrate, Schmidt and Beldock, JJ., concur; Nolan, P. J., concurs as to the first cause of action but dissents as to the third cause of action and votes to reverse the order and to deny the motion and to vacate the judgment as to that cause of action, with the following memorandum: As a matter of pleading the third cause of action is sufficient. (*Rockland Light & Power Co.* v. *City of New York,* 289 N. Y. 45.)