Joseph A. Cox, S.
In this proceeding for the judicial settlement of the account of trustees, respondent David Wolcott was cited because of his status as a legatee under the will ,of a *566 deceased income beneficiary of one of the trusts. Wolcott filed an answer asking that the testator’s will be construed as entitling him to a portion of a trust principal and further asking that a certain release executed by him in April, 1948 be declared invalid. The court ruled that the issue as to the validity and effect of the release would be determined prior to the consideration of any other issue and, accordingly, the matter was set for hearing for that limited purpose.
The testator died in February, 1948. His distributees were his widow, two children of his predeceased brother Waldo and two children of his predeceased sister Julia. Testator’s sister Julia and her son Charles had died prior to the execution of the testator’s will. The respondent David Wolcott is the adopted child of the testator’s deceased nephew Charles Wolcott. The testator’s will, executed in 1942, provided a trust of one half of his residuary estate for the benefit of his widow and upon her death for the benefit of his children. The will provided that, if there were no child, one half of the principal of this trust be held for the benefit of a named niece and the remaining one half of the principal be held in trust for the benefit of another named niece with the remainder of each trust payable to the particular income beneficiary’s heirs at law and next of kin. The remaining one half of the residuary estate was bequeathed in four separate trusts for the benefit of the three nieces and the nephew who were distributees of the testator. The remainder of each of these trusts was bequeathed to the respective beneficiary’s heirs at law and next of kin. The respondent David Wolcott was not mentioned in the will.
Prior to the institution of the probate proceeding the nominated executor provided Wolcott with a copy of the purported will and requested him to execute a waiver of citation and a consent to the probate. When such documents were not forthcoming the nominated executor filed a petition for probate, which contained no reference to Wolcott, and a decree admitting the will to probate was made on March 3, 1948. Wolcott, upon being informed as to the contents of the propounded instrument, had sought legal advice of two firms of attorneys and had been advised that, lacking a status either as a distributee of the decedent or as a beneficiary under an earlier testamentary instrument, he was not in a position to attack the will. In April, 1948 discussions were had between Wolcott’s then attorney and the attorney for the executor and it annears that at such times neither of the attorneys regarded Wolcott as having a status to attack the probate or as a beneficiary under the will. In the negotiations Wolcott’s attorney presented the matter upon a *567 moral basis which he described as a “ humanitarian ’ ’ or “ family ” approach while the attorney for the executor regarded a possible settlement as a means of avoiding not only immediate litigation but also later annoyance in accounting or construction proceedings. In short, the executor’s attorney acted to obtain an acquittance that would foreclose litigation of the type created by the present objections.
The negotiations resulted in a payment to Wolcott of $75,000, in the form of corporate stock paying ah 8% preferred dividend, and the execution by Wolcott of the instruments constituting the release now in question. The corporate stock was contributed by individuals interested under the will and the, instruments of release ran to them as well as to the estate. It is of special significance that the form of release initially prepared by Wolcott’s attorney and executed by Wolcott was rejected. A revised release, prepared by Wolcott’s attorney, was later executed together with a form of agreement. _ The agreement again was revised and executed by Wolcott. The commitment ultimately made by Wolcott was that he would not contest the probate or endeavor to vacate it and that he would not 1 ‘ assert any claim of any kind to or against said estate, or any trust or other fund under said will, or any remainder interest therein, vested or contingent, or against any beneficiary.” Wolcott testified that at the time the final agreement was submitted to bim he grumbled because of its comprehensive character and discussed this with his attorney prior to the paper’s execution.
The situation is one where a person, a graduate of a law school and represented by an attorney of recognized ability, was advised as to his legal position, was made fully aware of the size of the estate, was a party to extended negotiations, accepted a settlement and, in the consummation thereof, executed documents which admittedly he read and understood. There is no evidence of fraud or mistake. A determination that under these circumstances any basis exists for finding a release ineffectual or subject to rescission would be a repudiation of the established fact that a person may give up or abandon a claim or legal right for a consideration.
The objectant, as the adopted child of the testator’s deceased nephew, was not a distributee of the testator (Domestic Relations Law, § 115; Matter of Hodges, 294 N. Y. 58; Hopkins v. Hopkins, 202 App. Div. 606, affd. 236 N. Y. 545; Carpenter v. Buffalo Gen. Elec. Co., 213 N. Y. 101; Matter of Upjohn, 304 N. Y. 366; Matter of Meyer, 204 Misc. 265, affd. 282 App. Div. §60; Rosekrans v. Rosekrans, 163 App. Div. 730) and any status he would have to contest an instrument propounded as a will *568 would be dependent upon the fact, here not existent, that he was a beneficiary under a purported will of earlier date than the propounded paper. In view of the objectant’s lack of status to challenge the probate, the threat of a probate contest was of no great significance and the value of a release from the objectant was not in the purchase of an armistice but in the assurance that the objectant would be foreclosed from asserting any claim to or against the estate. Neither the attorney for the proponent of the will nor the then attorney for Wolcott considered him a beneficiary under the will but, instead, those interested in the estate regarded him as a potential troublemaker who, even as a stranger to the estate, should be bought off. The persons interested in the estate have not altered their position and they assert today that Wolcott has no interest under the will and, consonant with this contention, they say that Wolcott received a consideration for releasing his right to claim a status as a testamentary beneficiary. At this stage of the proceeding it is not necessary for the court to construe the will or to attempt an evaluation of the interest, if any, that Wolcott may have in order to determine the adequacy of the consideration paid to him. If the will is susceptible of a construction conferring a remainder interest upon the objectant, it is not for this court to conjecture as to the worth to him of immediate payment shortly after the testator’s death. The ultimate fact is that he was paid a substantial consideration and, aided by legal advice and fully aware of the terms of the release agreement, he explicitly relinquished any interest that he may be said to have under the will.
Accordingly, it is held that the release agreement is a bar to the objections and the objections are dismissed (Lucio v. Curran, 2 N Y 2d 157; Matter of Cohen, 12 Misc 2d 784, affd. 6 A D 2d 1033).
The facts which establish the validity of the release agreement negate the claim for its rescission. Furthermore, the claim for that relief is barred by the Statute of Limitations (Civ. Prae. Act, § 53; Nusbaum v. Nusbaum, 280 App. Div. 315; Buttles v. Smith, 281 N. Y. 226; Kendall v. Oakland Golf Club, 282 App. Div. 1057, affd. 307 N. Y. 753). Submit decree on notice.