Irwin Shapiro, J.
The plaintiff in an action to recover a balance of $1,668.50 with interest moves for judgment on the pleadings against both defendants upon the ground “that although the plaintiff complied with Section 255-a of the New York Civil Practice Act, the defendants failed to indicate specifically the items disputed in respect of performance and reasonable value or agreed to price ”.
Since a motion for judgment on the pleadings, pursuant to rule 112 of the Buies of Civil Practice, searches the record, the individual defendant urges that none of the three causes of action set forth in the complaint is sufficient in law and, therefore, judgment on the pleadings with respect thereto should be granted in his favor.
According to plaintiff’s verified bill of particulars the corporate defendant, by its president, Thomas Marsalona, entered into a written agreement with the plaintiff dated March 12,1957, wherein, among other things, the plaintiff was designated the exclusive agent to sell approximately 40 homes to be erected in a certain locality by the corporate defendant, as builder, for which it would pay the plaintiff a brokerage commission of 1% of the sales price for each homr sold, such commissions to be *286 paid one half on the closing of the contract and the balance on the closing of title in each instance.
Although the complaint standing alone sets forth a good cause of action against the individual as well as against the corporate defendant, its sufficiency must be tested not only by its allegations, but by the limiting effect upon it of plaintiff’s bill of particulars. (Cohen v. Erdle, 282 App. Div. 569.) The latter, which has attached to it the written agreement upon which plaintiff in its complaint relies, shows that the agreement was with the corporate defendant and with it alone. Since the written agreement is annexed to plaintiff’s bill of particulars and is therefore before the court, and since it contains no ambiguities which require interpretation or construction, “the rights and duties of the parties must be determined by * * * [its] terms and not by plaintiff’s characterization or construction thereof in its pleading.” (Red Robin Stores v. Rose, 274 App. Div. 462, 465; Kendall v. Oakland Golf Club, 282 App. Div. 1057, affd. 307 N. Y. 753.) Thus, it is apparent that the agreement was with the corporate defendant and that no cause of action predicated thereon may be maintained against the individual defendant. The first cause of action is, therefore, dismissed as against such defendant.
The second cause of action in which all of the allegations of the first have been incorporated with the further allegation that on or about May 25, 1959, an account was stated between the plaintiff and the defendants, a copy of which is annexed to said cause of action as Exhibit “ A ”, is equally insufficient as against the individual defendant and for the same reason. This exhibit dated May 25,1959, is addressed to the individual defendant and purports to show a payment of $600 on account and a balance of $1,670. Since an account stated “ can only determine the amount of the debt where a liability exists and will not be permitted to be made the instrument to create a liability where none existed before ” (Parsons v. Batchelor, 233 App. Div. 517, 518), the second cause of action is insufficient as against the individual defendant who was not a party to the written agreement from which the original liability stemmed.
The third cause of action is alleged solely against the individual defendant. While incorporating by reference all of the allegations of the first two, this cause of action, in addition, alleges that at various times between March, 1957 and January, 1959 the individual defendant represented to the plaintiff that he, personally and individually, would pay the commissions due and owing to the plaintiff; that the plaintiff relied upon such representations and continued to furnish sales personnel which *287 sold additional homes under the afore-mentioned agreement dated March 12, 1957; that the individual defendant, in consideration for the plaintiff’s continuing to sell said homes, agreed personally and individually to pay said moneys to the plaintiff, but has failed to do so although payment has been duly demanded.
The court is of the opinion that this cause of action, liberally construed, sufficiently sets forth facts pursuant to which the individual defendant is liable to pay the commissions to the plaintiff. If the allegations of this cause of action are true, it is not a promise by the defendant to pay for the default or miscarriage of another, but an express agreement on his part to pay the plaintiff personally the commissions which became due “ in consideration for the plaintiff’s continuing to sell said homes.” Upon that theory the third cause of action is sufficient as a matter of pleading.
Accordingly, the first two causes of action are dismissed as against the individual defendant, but the third cause of action is permitted to stand;
We now come to the plaintiff’s motion for judgment on the pleadings which is apparently based on the defendants’ failure properly to answer the second cause of action. Since that cause has here been dismissed against the individual defendant, plaintiff’s motion will be considered solely in respect to the corporate defendant.
In its memorandum supporting its motion for judgment plaintiff relies upon the fact that the corporate defendant has not specifically denied the items set forth in Schedule A annexed to the complaint. That schedule, however, is referred to only in paragraph “ Ninth ” of the second cause of action based on an alleged account stated. Section 255-a of the Civil Practice Act, however, is by its terms restricted to actions involving ‘ ‘ the sale and delivery of goods, or the rendering of work, labor or services, or the furnishing of materials ”. It does not encompass an action grounded on an account stated. The plaintiff’s motion is accordingly denied.