James J. Cbisona, J.
The defendant in an action to enjoin him from maintaining a brick wall, allegedly a violation of a restrictive covenant, moves to dismiss the complaint for legal insufficiency.
Bealty Associates, Inc., was the owner of a tract of land, a portion of which it sold to Plateau Bealty Co. As a part of the transaction the parties executed an agreement, which was duly recorded, reciting restrictive covenants that were to burden the land purchased by Plateau. The pertinent provisions of such agreement are as follows:
£ £ 5. That neither the said party of the second part [Plateau] nor the successors or assigns of the party shall or will construct or permit upon any portion of said premises any fence whatsoever excepting that a hedge or picket fence may be placed on the lines of each plot, provided however that no hedge or fence whatsoever shall be permitted of a greater height than four feet.
*667 “ 7. * * * it is mutually agreed and understood that the above covenants and restrictions or any repetitions of the same in a subsequent conveyance or any of them can be altered, modified or annulled any time solely upon written agreement by and between Realty Associates, Inc. or its successors and the owners for the time being of the premises upon which it is agreed to alter, modify or annul said covenants and restriction and such agreements shall be effectual * iS * without the consent of the owner or owners of any adjacent premises or any other lands.”
The plaintiff and defendant in the present action are owners of parcels of property conveyed to the original grantee Plateau, and each had full knowledge of the duly recorded restrictive covenant agreement mentioned above.
The defendant built a brick wall on his property situated between his property and the plaintiff’s. The defendant maintained the brick wall after notice by the plaintiff that a restrictive covenant was thereby violated and the wall should be removed.
The plaintiff brought the present action, alleging in substance (1) the agreement concerning the restrictive covenant and annexing a copy thereof to the complaint; (2) that the restrictive covenant constituted a part of a general scheme or plan of subdivision of the tract of land and (3) that defendant violated one of the restrictive covenants and therefore should be enjoined. The defendant interposed an answer and then made the instant motion.
Because the agreement of restrictive covenants is annexed to the complaint, the court must construe the writing as found and not according to the effect which the pleader places on it. (Dorn v. Dorn, 282 App. Div. 597, 598 ; see, also, Kendall v. Oakland Golf Club, 282 App. Div. 1057, affd. 307 N. Y. 753.)
The agreement of restrictive covenants herein involved is for the benefit of the land retained by the grantor. Subdivision 7 of the agreement as set forth above reserved to the grantor or its successor the power to modify, alter or annul at any time the restrictive covenants. In Brighton by the Sea v. Rivkin (201 App. Div. 726), the Appellate Division, Second Department, held at page 727The covenants * * * reserved to the * * * grantor, the right to alter, modify or annul at any time such covenants and restrictions by agreement with the then owner of the premises * * * the covenant * * * [is] for the benefit of the grantor.” Therefore, as the court in Rose v. Jasima Realty Co. (218 App. Div. 646) stated at page 651: 1 ‘ Where restrictions are for the sole benefit of the land retained *668 by the grantor, the grantees cannot enforce them against one another.”
Accordingly, it is this court’s opinion that the covenants here involved were for the benefit of the grantor. They could not be considered as a general plan or scheme of subdivision, and the plaintiff having notice of the agreement and being a successor to the original grantee, cannot sue to enforce the covenants. (Rose v. Jasima Realty Co., supra ; Lugg v. Stirnwcis, 43 N. Y. S. 2d 475.) Accordingly, the motion to dismiss the complaint is granted.