Fred I. Zabriskie, Respondent, *v.* Hyman L. Zoloto, Appellant. Hyman L. Zoloto, Appellant, *v.* Fred I. Zabriskie et al., Respondents.

First Department, April 6, 1965.

*Arthur Karger* of counsel (*Zoloto, Karger & Zurkow,* attorneys), for appellant.

*Joseph K. Guerin* of counsel (*Myers & Guerin,* attorneys), for Fred I. Zabriskie, respondent.

*Silver & Schoenblum* for Florence R. Smith, respondent.

EAGER, J. The defendant appeals from an order insofar as it denied his motion for summary judgment dismissing the amended complaint herein. The order also granted defendant leave to serve an amended answer setting up as an affirmative defense a judgment rendered in a prior action between the parties, and the defendant urges that such judgment should be given *res judicata* effect to dispose of certain critical issues in this action.

The plaintiff and the defendant are lawyers. The plaintiff occupied space in and was employed by the defendant in the latter's law office from January 1, 1955 to on or about March 1, 1957. The complaint in the action presently before the court alleges that during the period of his association with the defendant, the plaintiff was retained by a number of meat merchants to prosecute claims against the New York Central Railroad Company for delay and damages in the shipment of meat over

its railroad lines. The plaintiff alleges that he "had numerous clients" who had such claims against the railroad company and that the defendant agreed with him that, in addition to a weekly salary of $100, the defendant, in connection with his services on such claims, "would pay plaintiff one-half of any money, which the defendant received in fees upon such claims, after deducting therefrom said * * * $100 per week, if paid by the defendant to the plaintiff." It is further alleged that the defendant has received a substantial sum as fees from the amounts paid by the railroad company upon the said claims of plaintiff's clients; and the plaintiff demands judgment for one half of such sum after the allowance of proper credits.

By the judgment, however, rendered in a prior action brought by the plaintiff and another former employee of defendant, as partners, against the defendant, it was expressly determined that there was no fee-sharing agreement between the plaintiff and defendant and that none of the meat dealer claimants, whose claims were worked on in defendant's office, were plaintiff's clients. We have concluded that the findings specifically incorporated in such judgment should be given collateral estoppel effect to bar the present action.

In the prior action, a declaratory judgment was sought determining the respective rights and interests of the parties in and to certain attorneys' fees payable out of the proceeds of the settlement of the several claims filed by three certain meat damage claimants against the New York Central Railroad Company. The plaintiff and his partner alleged that these particular claims were ultimately prosecuted by them as attorneys under their retainer by the particular claimants, but that, on settlement of the claims, the defendant had served a notice of an attorney's lien upon the railroad company. Said company, when disbursing the proceeds of settlement, had reserved 33⅓% of the amount of the claims to cover agreed upon attorney's fees; and the plaintiffs sought judgment declaring the rights of the parties in the sum so retained to cover fees. The action was tried and a judgment was rendered on October 30, 1963, adverse to the plaintiffs, directing the payment to the defendant of the balance of the settlement proceeds held for attorney's fees.

The causes of action in the two actions involve different meat dealer claims and, in any event, are dissimilar. The cause of action presently before the court was not under consideration in the prior action and, therefore, the judgment therein was not an adjudication of the particular cause here. But, under that aspect of *res judicata* which is referred to as collateral estoppel, the prior judgment is conclusive between the parties here as to

the questions actually litigated by them as adverse parties in the prior action and therein determined. (See *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 306, 307; *City Bank Farmers Trust Co.* v. *Macfadden*, 13 A D 2d 395, 400, affd. 12 N Y 2d 1035, mot. to amend remittitur den. 13 N Y 2d 673, cert. den. 375 U. S. 823.) The prior judgment stands " as *res judicata* of whatever issues it decides between these parties ". (*Ripley* v. *Storer*, 309 N. Y. 506, 512.) Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action. (See Restatement, Judgments, § 68; Scott, Collateral Estoppel by Judgment, 56 Harv. L. Rev. 1; *City Bank Farmers Trust Co.* v. *Macfadden, supra*, p. 400; *Matter of Fairmeadows Mobile Vil.* v. *Shaw*, 16 A D 2d 137, mot. for lv. to app. den. 11 N Y 2d 646.)

The inquiry now before the court is whether the issues dispositive here were actually litigated and determined by the judgment in the prior action. (*City Bank Farmers Trust Co.* v. *Macfadden, supra*, p. 400.) The pleadings, the trial record, the decision and the judgment in the prior action must be examined to determine whether the pertinent issues were presented and litigated there. (See *Ripley* v. *Storer, supra*.)

An examination of the trial record in the prior declaratory judgment action discloses that the existence of the alleged fee-sharing agreement between the plaintiff and the defendant, which is the very basis of plaintiff's present action, was directly presented and litigated as an essential issue in the prior action. During the presentation of the plaintiff's case in the prior action, the plaintiff was asked " What is it that you want the Court to declare as your right under this suit? " The plaintiff's attorney replied: " As I understand this case, they had an arrangement that any claims Mr. Zabriskie brought in, these meat claims, that they would go fifty-fifty." The plaintiff had testified that it was agreed that there was to be a fifty-fifty arrangement on all matters that he brought into the office, including the meat dealer claims against the railroad, and his counsel made it clear that they were relying thereon as a basis for the declaratory relief sought in the prior action. The existence of a fee-sharing agreement with respect to meat dealer claims was put in issue by the testimony of the defendant who denied that the agreement embraced meat dealer claims and who testified that the understanding was that the plaintiff could not have any meat dealer clients.

The trial court, in the prior action, in its decision, contrary to the plaintiff's contentions, found that the believable evidence

supported the position of the defendant that plaintiff was told that "he could not have a meat client * * *. The fifty-fifty arrangement was to be applied to business other than the meat business." Then, by the judgment, as entered in the said prior declaratory judgment action, it was expressly determined and adjudicated, *inter alia*, "That plaintiff, Fred I. Zabriskie, did not have any fee sharing agreement or arrangement with defendant Zoloto under which he would be entitled to share in any portion of the fees payable to said defendant on recoveries of claims filed against Central by any claimants engaged in the meat business, and that no claimants engaged in the meat business whose claims were worked on in the defendant Zoloto's office were said plaintiff's clients". The judgment was affirmed by this court (23 A D 2d 822).

The particular determination, incorporated in the judgment, was a determination of facts which were directly in issue and actually litigated, and which were material and relevant to the resolution of the ultimate legal issues involved in the prior action. The facts so determined were material and essential facts, which formed a proper basis for the relief granted by the terms of the judgment in the prior action. If the court in the present action should come to a determination, as sought by plaintiff, that he did have meat damage claimants as his individual clients and that there was in fact a fee-sharing agreement between him and the defendant concerning the claims of such claimants, such determination would undermine a basis upon which the judgment in the declaratory judgment action was rendered. Such inconsistency must be avoided. (See *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 307, 308, *supra*; *Ripley* v. *Storer*, 309 N. Y. 506, 514, *supra*.)

" A prior adjudication of an issue of fact actually litigated and determined is conclusive between the parties and their privies if the prior adjudication ' was a finding essential to the judgment, from which the resolution of the ultimate legal issue necessarily followed ' and ' was a necessary step in arriving at the final judgment ' ". (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5011.28, pp. 50–102; *Hinchey* v. *Sellers*, 7 N Y 2d 287, 293, 296; also *Ripley* v. *Storer*, *supra*, p. 517.) The plaintiff here is barred from relitigating in the present action pertinent issues which were settled in the declaratory judgment action. For the purposes of this action, he is bound by the prior findings and determination that he had no meat damage claimant clients on an individual basis and that he had no fee-sharing agreement with the defendant with respect to any such claimants. Such findings and determination being dispositive of the present

action, the defendant's motion for summary judgment should have been granted.

The order, entered March 5, 1964, should be modified, on the law, to strike the last decretal paragraph, the motion of the defendant for summary judgment dismissing the complaint should be granted, and the order should be otherwise affirmed, with $30 costs and disbursements to the appellant.

BOTEIN, P. J., VALENTE, McNALLY and STEUER, JJ., concur.

Order, entered on February 20, 1964 as resettled on March 5, 1964, unanimously modified, on the law, so as to strike the last decretal paragraph therefrom, defendant's motion for summary judgment dismissing the complaint granted, with $10 costs and, as so modified, affirmed, with $30 costs and disbursements to the appellant.