David WOLCOTT, Plaintiff,

v.

Waldo HUTCHINS, Jr., individually and as Executor of, and Trustee under, the Last Wills and Testaments of Augustus S. Hutchins and Mary Johnson Hutchins, Deceased, Chemical Bank & Trust Company and William J. Fagan, as Executors of, and Trustees under, the Last Will and Testament of Elizabeth Wolcott Hamilton (Jaeger), Deceased, Elizabeth Boswell and Lyman B. Lewis, as Executors of, and Trustees under, the Last Will and Testament of Margaret J. Hutchins, Deceased, Defendants.

United States District Court
S. D. New York.
Sept. 14, 1965.

Robert Emmet Connolley, New York City, for plaintiff.

Rein, Mound & Cotton and Irving Smith, Jr., New York City, for defendant Waldo Hutchins, Jr.

Lark & Sullivan, New York City, for defendants Chemical Bank New York Trust Co. and William J. Fagan.

Lyman B. Lewis, Geneva, N. Y., pro se, for defendants Elizabeth Boswell and Lyman B. Lewis.

BONSAL, District Judge.

In the amended complaint in this diversity action plaintiff charges the defendant Waldo Hutchins, Jr. and other members of the family of the late Augustus S. Hutchins (Elizabeth Wolcott Hamilton and Margaret J. Hutchins, both of whom are deceased, the action being brought against their testamentary executors and trustees) with conspiring to defeat the plaintiff David Wolcott's inheritance under the will of the late Augustus S. Hutchins, and seeks damages

from the defendants in the amount of $5,000,000.

Defendant Waldo Hutchins, Jr., individually and in his representative capacity, has moved, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment dismissing the action on the ground that there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law. The other defendants have joined in defendant Hutchins' motion. In the alternative, defendants move that the action be transferred to the Surrogate's Court, New York County.

Plaintiff is the adopted son of the late Charles M. Wolcott, who was a nephew of the late Augustus S. Hutchins. Charles M. Wolcott predeceased his uncle, dying in August of 1942. The uncle, Augustus S. Hutchins, made a will in November 1942, and he died on February 19, 1948. Plaintiff was not mentioned in the 1942 will, nor is there any evidence that he was mentioned in any prior will made by Augustus S. Hutchins. The 1942 will was admitted to probate in the Surrogate's Court, New York County, and letters testamentary were issued on March 4, 1948, to the defendantWaldo Hutchins, Jr., the only executor qualifying thereunder. Letters of trusteeship under the will were issued on March 9, 1948, to the defendant Waldo Hutchins, Jr. and Royle R. Harrison (substituted trustee who died on January 8, 1956). The 1942 will, after providing for legacies and bequests, divided the estate into eight shares. Four shares were directed to be held in trust for the testator's widow, Mary Johnson Hutchins, and upon her death (which occurred on December 25, 1951) two of the shares were to be continued in trust for testator's niece Elizabeth Wolcott Hamilton during her life, and two shares were to be continued in trust for testator's niece Julia Hutchins Wolcott. Upon the death of the second life beneficiaries, the remainders were to go to their respective heirs at law and next of kin. The remaining four shares were directed to be held in trust, one share for the benefit of his niece Elizabeth Wolcott Hamilton during her life, one share for the benefit of his niece Julia Hutchins Wolcott during her life, one share for the benefit of his nephew Waldo Hutchins, Jr. during his life, and one share for the benefit of his niece Margaret J. Hutchins during her life, and upon the death of the respective life beneficiaries the remainder of the trust set apart for her or his benefit was to go to her or his respective heirs at law and next of kin.

While plaintiff was not cited in the probate proceedings as he was not believed to be a "distributee" entitled to notice of probate, it appears that he was notified of the proceeding and consulted with counsel as to his interest, if any, in the estate. According to the opinion of Surrogate Cox (In re Estate of Hutchins, 23 Misc.2d 565, 199 N.Y.S.2d 528 (1960)) hereinafter discussed, plaintiff consulted two firms of lawyers, who informed him that he had no interest in the estate, and he then consulted an attorney, who negotiated with the defendant Waldo Hutchins, Jr., the executor, for a settlement on plaintiff's behalf. In April, 1948, a settlement was reached under which plaintiff received 600 shares of Crum & Forster 8% Preferred Stock valued at $75,000., transferred to him by members of the family interested in the estate, in consideration of which he released the estate of Augustus S. Hutchins, the executor and trustees thereof, and each of the named beneficiaries thereunder, from any and all claims which he might have against any of them. This release is dated April 29, 1948, and was accompanied by his letter agreement that neither the plaintiff nor any of his issue, heirs, personal representatives or assigns would ever contest the probate of the will or assert any claim of any kind against the estate or other fund under the will or any remainder interest therein or against any beneficiary, and he further undertook to execute any and all documents necessary to give effect to his agreement.

In October, 1958, following the death of the co-trustee Royle R. Harrison, his executors joined defendant Waldo Hutchins, Jr., in a proceeding in the Surro-

gate's Court to settle the accounts of the trustees and for the payment of trustees' commissions. Plaintiff, through his attorney, Charles A. Ellis, filed objections to the account, in which he sought to rescind or set aside the 1948 release and agreement and to establish his right to share in the estate. Plaintiff contended that in making the settlement and in executing the release and agreement in 1948 he was only giving up his right to contest the probate of the will and that he was not waiving his right to a construction of the will at a later date, and that upon such construction his right to share in the estate would be determined by the court. Surrogate Cox ordered that the issue of the validity and extent of the 1948 release and agreement be the subject of a separate hearing before any of the other issues raised in the accounting proceedings would be determined. Hearings were held before the Surrogate on June 8, 1959, and on January 14 and 15, 1960, and following the hearings, on April 8, 1960, the Surrogate handed down his decree holding· that the release and agreement made by plaintiff, dated April 29, 1948, were valid for the purposes and to the extent therein stated, and that they barred plaintiff from asserting any rights or claims against the estate or against defendant Waldo Hutchins, Jr., as executor, or against the trustees or against the trusts established under the will, or with respect to any remainder interest under the trusts or against any beneficiary under the will. The Surrogate further held that plaintiff's application for rescission of the release and agreement given in 1948 was barred by the applicable New York statute of limitations. Surrogate Cox handed down an opinion (23 Misc.2d 565, 199 N.Y.S.2d 528 (1960)) giving his reasons for his decision. Plaintiff appealed the Surrogate's order, which was unanimously affirmed by the Appellate Division, First Department (12 A.D.2d 484, 209 N.Y.S. 2d 269 (1960)). Both the Appellate Division and the Court of Appeals denied plaintiff's petitions to appeal to the Court

of Appeals, and the Court of Appeals denied plaintiff's petition for reargument on his petition for leave to appeal to the Court of Appeals. (12 A.D.2d 484, 209 N.Y.S.2d 269; 9 N.Y.2d 611, 215 N.Y.S. 2d 1025, 174 N.E.2d 924; 9 N.Y.2d 1015, 218 N.Y.S.2d 1025, 176 N.E.2d 594 (1961)).

Another accounting proceeding is now pending before the Surrogate's Court in connection with the trusts for the benefit of Elizabeth Wolcott Hamilton, which was commenced prior to this action, at which plaintiff has again filed objections, including objections to the Surrogate's earlier ruling on the release and the agreement. On August 4, 1964, Surrogate Cox signed an order consenting to the transfer of this action to the Surrogate's Court, to be consolidated with the accounting proceeding if such transfer is directed by this court.

■ Defendants' motions for summary judgment raise the issue as to whether plaintiff's action in this Court is barred on the grounds of *res judicata* or collateral estoppel by reason of the proceedings heretofore had in the New York courts. Defendants contend that the holding of the New York courts sustaining the validity of the 1948 release and agreement bars plaintiff's action. Plaintiff denies this, and it is true that the remedy here sought differs from the remedy sought in the New York courts. Here, plaintiff seeks damages from the beneficiaries for an alleged conspiracy, while in the New York courts he was seeking equitable relief based on breach of fiduciary duty. However, the conspiracy, if any, on the part of defendants could only have occurred in connection with the 1948 release and agreement which plaintiff charges he was induced to sign under the mistaken belief that they only covered his objections to the probate of the will and that it was part of the conspiracy to cause plaintiff to part with his rights to share in the estate for an inadequate consideration paid by the beneficiaries thereof.[1] This issue

1. Plaintiff contended at the argument, and in his brief, that the alleged conspiracy

dates back to the making of the 1942 will, charging that undue influence was

was litigated on its merits in the New York courts. It appears that at the time the 1948 release and agreement were made by the plaintiff he was approximately 29 years old. He had a college education, and the Surrogate, in his opinion, states that he had a legal education as well and that he was represented by an attorney "of recognized ability". The Surrogate found that the plaintiff was "advised as to his legal position, was made fully aware of the size of the estate, was a party to extended negotiations, accepted a settlement and, in the consummation thereof, executed documents which admittedly he read and understood. There is no evidence of fraud or mistake." The Surrogate went on to say that to find the release ineffectual or subject to rescission would be a repudiation of the concept that a person may give up or abandon a claim or legal right for a consideration.

■ Plaintiff exhausted his rights of appeal from the Surrogate's decision. This Court is bound by it, and it should be added that a reading of the instruments themselves fully support the Surrogate's determination. In this proceeding plaintiff seeks to relitigate the issue of the validity of the 1948 settlement. Indeed he cannot prevail here unless he obtains a determination contrary to that previously made by the State court. The doctrine of *res judicata* and collateral estoppel bar him from relitigating a matter previously litigated and determined. It is the facts which count and not the theories on which plaintiff proceeds to try to establish a different cause of action. Goldstein v. Doft, 236 F.Supp. 730 (S.D.N.Y.1964); Ripley v. Storer, 309 N.Y. 506, 132 N.E.2d 87 (1956); Good Health Dairy Products Corp. of Rochester v. Emery, 275 N.Y. 14, at page 17, 9 N.E.2d 758, at page 759, 112 A.L.R. 401 (1937), where the Court of Appeals stated:

"The doctrine of res judicata, as generally stated, is that an existing final judgment rendered upon the merits by a court of competent jurisdiction is conclusive of the rights of the parties or their privies in all other actions on the points in issue and adjudicated in the first suit."

■ The allegation of a conspiracy among the defendants in no way affects the situation since a conspiracy, even if it existed, which did not affect plaintiff's rights is not actionable per se. Koblitz v. Baltimore & Ohio R. R. Co., 164 F. Supp. 367 (S.D.N.Y.1958), aff'd, 266 F. 2d 320, cert. denied, 361 U.S. 830, 80 S. Ct. 80, 4 L.Ed.2d 72. The validity of the 1948 settlement and of the release and agreement which plaintiff entered into pursuant thereto, have been upheld by the final determination of a court of competent jurisdiction in a proceeding on the merits in which plaintiff was a party represented by counsel. This determination is binding on this Court and it is immaterial whether the executor and the beneficiaries who contributed to the 1948 settlement did so to buy off a "troublemaker" or whether they did so in expectation that it would increase their shares under the testator's will.

■ The New York court having sustained the validity of the 1948 release and agreement, the plaintiff is barred from asserting their invalidity in this Court, and that invalidity would be essential to his recovery in this action for damages. Zabriskie v. Zoloto, 22 A.D.2d 620, 257 N.Y.S.2d 965 (1965); Roth v. McAllister Bros. Inc., 316 F.2d 143 (2d Cir. 1963); Musgrave v. Bronx Towing Line, Inc., 219 F.Supp. 918 (S.D.N.Y. 1963).

The diversity jurisdiction of the Federal courts is not a means by which disappointed litigants in State court proceedings can obtain a second day in court after they have exhausted their remedies in the State courts. The salutary doctrines of *res judicata* and collateral estoppel assure that this will not happen.

exercised on the testator so that he was not included as a beneficiary in his will. There is no merit to this contention because the question of undue influence could only be raised at the time of the probate of the will and plaintiff concedes that by the 1948 settlement he gave up his right, if any, to object to the probate.

The foregoing disposition makes it unnecessary to consider whether plaintiff's claim is barred by the New York statute of limitations or whether the action should be transferred to the Surrogate's Court as suggested by the order of that court, of August 4, 1964. It will be observed in passing, however, that if plaintiff had an enforceable claim in this Court there would appear to be no reason for transferring it to the State court. Beach v. Rome Trust Co., 269 F.2d 367 (2d Cir. 1959). The relief sought in the amended complaint would not interfere with the administration of the estate by the Surrogate's Court, nor would it affect the rights of the beneficiaries under the testator's will. By the same token, the determination here will not affect plaintiff's rights, if any, in the proceedings currently pending before the Surrogate's Court.

Summary judgment in favor of the defendants, dismissing the complaint, will be granted.

Settle order on notice.