Irving A. Green, J.
In this proceeding to establish petitioners’ status as distributees of the intestate decedent above named, the court, after hearings and upon the proofs submitted, determines that the decedent was survived by seven first cousins, to wit: Marie Louise Horte; Albert Horte; Jeanne Louise Jacoupy; Henry Jacoupy; Adrienne Jacoupy; Elise Jacoupy; and Auguste Dufraisse. One such cousin, Albert Horte, died prior to the commencement of this proceeding, leaving surviving him two daughters, to wit: Marie Leontine Serdane and Juliette Serdane. Another such cousin, Elise Jacoupy Bailleul, died after the commencement of this proceeding, leaving surviving her a husband, Andre Bailleul, and a son, Daniil Andre Jules Bailleul. Another first cousin, Elie Jacoupy, predeceased the decedent. Upon the hearing, no proof was presented to establish or tend to establish that such first cousin left any distributees surviving.
The Attorney-General contends that since no evidence was introduced establishing whether or not Elie Jacoupy (said predeceased first cousin) had any children, the court is without sufficient evidence to close the class of cousins who take through the decedent herein. Having predeceased the decedent herein, it is of no import whether or not Elie Jacoupy left children surviving him since representation is permitted only as to decedent’s brothers, sisters and their descendants. (EPTL 4-1.1, subd [a], par [7].) Beyond brothers, sisters and *847 their descendants, only persons surviving the decedent and within the nearest degree of relationship to the decedent are entitled to inherit intestate real or personal property. (EPTL 4-1.1 subd [a], par [8].) In other words, where there is a surviving group of first cousins, as the nearest relatives, they alone are entitled to inherit. (Matter of Wendel, 143 Misc 480; Bishop v Bishop, 174 Misc 2, affd 259 App Div 917, mot for lv to app den 259 App Div 1028.)
The Attorney-General further contends that a finding of kinship should be denied on the ground that the proof adduced is insufficient to determine whether or not the decedent had any children after emigrating to the United States in 1924. The uncontradicted evidence established that decedent had married but once, and that such marriage was dissolved by a final judgment of divorce entered January 21, 1930 in the Court of Chancery, State of New Jersey. The verified petition for divorce, brought by decedent’s former husband, alleged there were no children born of said marriage. Under the circumstances herein, the court finds unpersuasive the Attorney-General’s argument that petitioners’ failure to conclusively eliminate every possibility of decedent’s next of kin of nearer degree than such first cousins requires the balance of the estate to be paid to the Comptroller of the State of New York "for the benefit of unknown distributees”. Since these claimants have established their status, distribution of the estate should not be withheld from them merely because of the remote possibility, finding no support in the record, that there may be unknown distributees bearing a nearer degree of kinship to the decedent. (Matter of Riley, 24 AD2d 630; Matter of Reedy, 49 Misc 2d 81.)
One further point deserves mention. Also surviving the decedent, although now himself deceased, was one Maurice Horte, a brother of the decedent herein. Upon the hearing, the proofs established that said brother was adopted in 1940 by persons not related to the decedent. Persons adopted in another jurisdiction whose rights are to be adjudicated in this State are treated in the same light as though they had been duly adopted under the laws of New York. (Matter of Leask, 197 NY 193; Second Report, Temporary State Commission on the Law of Estates, Appendix E, p 102.) By chapter 406 of the Laws of 1963, section 117 of the Domestic Relations Law was amended to read, so far as herein pertinent: "The rights of a foster child to inheritance and succession from and through *848 his natural parents shall terminate upon the making of the order of adoption except as hereinafter provided.”
This amendment was recommended by the Temporary State Commission on the Law of Estates which explains the purpose of this amendment as follows:
"Its purpose is to carry out a public policy of placing the adopted child so far as possible within the bloodlines of his new family for inheritance purposes.
"Under present law, the adopted child inherits from his foster parents but not through them from their kindred and from his natural parents just as if there had been no adoption, though the natural parents do not inherit from him. By this amendment it is intended to establish that the adopted child will inherit from his foster parents and their kindred. At the same time, all inheritances by the adopted child from his natural family is terminated. Thus all ties with his natural family are severed”. (Italics supplied.)
(See, also, Matter of Trainor, 45 Misc 2d 316; Matter of Heye, 149 Misc 890, affd 241 App Div 907; Matter of Meyer, 204 Misc 265, affd 282 App Div 860.)
Accordingly, the court finds that Maurice Horte, his legal representative and distributees, have no right of inheritance through this decedent or in decedent’s estate.
The petition for an advance payment is granted in the amount requested and distribution is directed as follows: One seventh to Marie Louise Horte Serdane; one seventh to the legal representative of the estate of Albert Horte; one seventh to Louise Jacoupy Safaire; one seventh to Henry Jacoupy; one seventh to Adrienne Jacoupy Simmonneau; one seventh to the legal representative of the estate of Elise Jacoupy Bailleul; and one seventh to Auguste Dufraisse.