CARLOS BRADFORD, Respondent, v AIR LA CARTE, INC., Appellant. —Order, Supreme Court, New York County, entered December 31, 1979, which granted plaintiff's motion to strike the second affirmative defense in defendant's answer and denied defendant's cross motion for summary judgment unanimously modified, on the law, plaintiff's motion to strike the second affirmative defense denied, and otherwise affirmed, without costs. Plaintiff was injured on August 11, 1977 at Building 146, JFK Airport, a catering facility operated by defendant Air La Carte, Inc. (Air), which is a wholly owned subsidiary of ARA Services, Inc. (ARA). Plaintiff moved to dismiss Air's second affirmative defense, which stated that plaintiff's exclusive remedy was under the Workers' Compensation Law. Air cross-moved for summary judgment on the ground that plaintiff's exclusive remedy was his receipt of workers' compensation benefits from Royal-Globe, allegedly the insurance carrier for Air as well as ARA. The question presented to Special Term was whether plaintiff was an employee of Air, as well as ARA, and whether plaintiff was thereby barred by section 11 of the Workers' Compensation Law from pursuing his common-law negligence action against Air. Documents and affidavits were submitted to Special Term, some indicating that plaintiff was an employee of Air and ARA, others indicating that plaintiff was an employee of ARA only. Special Term resolved the question presented by giving *res judicata* effect to a notice of decision of the Workers' Compensation Board dated February 23, 1979 naming ARA as plaintiff's

employer. The conclusion drawn was that only ARA was plaintiff's employer, and therefore the negligence action was not barred by section 11 of the Workers' Compensation Law. We disagree. The February 23, 1979 notice of decision could not have a *res judicata* or collateral estoppel effect against Air because Air was not a party to the compensation proceeding, and the issue whether Air was an employer of plaintiff was not presented to or determined by the Workers' Compensation Board. (See *Bernstein v Birch Wathen School*, 71 AD2d 129, affd on opn below 51 NY2d 932; *Zabriskie v Zoloto*, 22 AD2d 620.) Even if it had been conclusively determined that plaintiff was an employee of ARA (a fact not contested by Air), that would not mean he was not also an employee of Air, since a worker may have more than one employer for purposes of section 11 of the Workers' Compensation Law. (*United States Fid. & Guar. Co. v Macy & Co.*, 156 F2d 204; cf. *Fallone v Misericordia Hosp.*, 23 AD2d 222, affd 17 NY2d 648 [joint venturers]; *Pichardo v Kreger Truck Renting Co.*, 57 AD2d 177 [general and special employers].) While we agree with appellant Air that the doctrine of *res judicata* did not determine the issue, we do not agree with its principal contention that the documents submitted on its motion for summary judgment warranted a finding that Air was plaintiff's employer as a matter of law. (Cf. *Thomas v Maigo Corp.*, 37 AD2d 754.) In *Brooks v Chemical Leaman Tank Lines* (71 AD2d 405), Justice Fein stated (p 407): "The question is frequently one of law. However, where the elements of the employment or of the particular work being done bespeak both general and special employment the question is one of fact for the jury." (Citations omitted.) The same may be said of the instant case where the documents are ambiguous and therefore raise an issue of fact whether Air, as well as ARA, was plaintiff's employer at the time of his injury. This factual issue is closely related to another question suggested by the record although not argued on appeal: the precise nature of the relationship between the parent and subsidiary corporation. Although Air appears to be a separate corporation, and therefore not excluded as a defendant in a negligence case if plaintiff is not its employee, the record raises the possibility that Air was, in effect, an extension or alter ego of ARA, and that for purposes of the Workers' Compensation Law the employees of ARA might well be considered the employees of Air. A further exploration of the relationship between the two corporations seems to us highly relevant to determination of the ultimate issue. Air will have an opportunity at trial to establish its defense by competent proof in addition to other documents submitted in support of its motion for summary judgment. (See *Daisernia v Co-Operative G. L. F. Holding Corp.*, 26 AD2d 594.) Concur—Sandler, J. P., Sullivan, Markewich, Lupiano and Silverman, JJ.