■ In the Matter of JOHN CONOMIKES et al., Appellants, et al., Petitioners, v CITY OF BINGHAMTON et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term, entered December 18, 1979 in Broome County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, for restoration to the payroll of the City of Binghamton. Petitioners Conomikes, Knapik and Malane, paid firemen of the City of Binghamton, were disabled by illness or injury incurred in the line of duty. Each petitioner was receiving his full salary and medical expenses pursuant to former section 207-a of the General Municipal Law which provided, in part, that a paid fireman, if injured in the performance of his duties, shall be paid the full amount of his regular salary or wages until his disability ceased. The Laws of 1977 (ch 965, § 1) amended section 207-a by providing, *inter alia,* that the payment of full salary and benefits to a disabled fireman shall not continue beyond such time as he shall have attained the mandatory service retirement age applicable to him or shall have attained the age or performed the period of service specified by applicable laws for the termination of his service. Petitioners, along with others similarly situated, commence an action for declaratory judgment seeking a declaration that chapter 965 worked an impairment of rights guaranteed them by the contract clause of the Federal Constitution (US Const, art I, § 10), or by section 7 of article V of the New York Constitution, which construes membership in any pension or retirement plan as a contractual relationship which shall not be diminished or impaired. Upon a previous appeal, this court reversed so much of the judgment at Special Term which declared chapter 965 of the Laws of 1977 unconstitutional and permanently enjoined the City of Binghamton from reducing the level of payments to the petitioners, and, as modified, affirmed the judgment *(Cook v City of Binghamton,* 67 AD2d 469). The Court of Appeals modified

this court's decision by declaring that disabled firemen receiving benefits under section 207-a may not be separated from service until they reach age 70, unless they have voluntarily elected additional benefits under section 384 of the Retirement and Social Security Law *(Cook v City of Binghamton,* 48 NY2d 323). Thereupon, petitioners, permanently disabled firefighters who had elected a pension plan with a mandatory retirement age of 62 (Retirement and Social Security Law, § 384, subd h), were removed from the city payroll and their 207-a benefits were terminated since they had reached age 62 at the time this court modified Special Term's judgment and declared amended section 207-a of the General Municipal Law to be constitutional. Petitioners Conomikes, Knapik and Malane commenced this CPLR article 78 proceeding wherein they sought to compel the City of Binghamton to restore them to the payroll and to reinstate their section 207-a benefits. Special Term, relying on the Court of Appeals decision in *Cook v City of Binghamton (supra),* determined that petitioners had been properly separated from service and dismissed their petition. This appeal ensued. Since it is clear that petitioners voluntarily elected to take the retirement advantages of subdivision h of section 384 of the Retirement and Social Security Law and to conclude their services as city firemen at age 62, and, further, since it is also clear that petitioners had the opportunity to withdraw that election when section 207-a of the General Municipal Law was amended by the Laws of 1977 (ch 965, § 1) (Retirement and Social Security Law, § 384, subd c), petitioners' contention that their election was not voluntary since they were not afforded an opportunity to withdraw their election when the courts ultimately declared amended 207-a to be constitutional, at which time they had reached or passed age 62, is untenable. Having determined that petitioners voluntarily elected early retirement, all other issues were put to rest by the Court of Appeals in *Cook v City of Binghamton (supra)* and under principles of collateral estoppel cannot be litigated again (see *Zabriskie v Zoloto,* 22 AD2d 620). Judgment affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.