■ ALBERT FUSCO et al., Plaintiffs, v W. W. BABCOCK & Co. et al., Defendants. (And Third-Party Action.) (Action No. 1.) ALBERT FUSCO et al., Appellants, v HELMSLEY-SPEAR, INC., Respondent. (Action No. 2.) — In actions to recover damages for personal injuries, etc., plaintiffs appeal (in Action No. 2) from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Lawrence, J.), dated April 6, 1982, as dismissed their complaint against defendant Helmsley-Spear, Inc., pursuant to section 11 of the Workers' Compensation Law. Order and judgment affirmed insofar as appealed from, without costs or disbursements. After the case proceeded to trial, defendant Helmsley-Spear moved for leave to amend its answer to assert, as. an affirmative defense, that plaintiff Albert Fusco was its employee at the time of the accident, and, therefore, that workers' compensation was his exclusive remedy (see Workers' Compensation Law, § 11). The trial court granted the motion for leave to amend and then granted Helmsley-Spear judgment on the affirmative defense. Although the tardiness of the motion is not to be commended it was properly granted (see *Murray v City of New York,* 43 NY2d 400). The assertion by Helmsley-Spear that Albert Fusco was its employee at the time of the accident was consistent with plaintiffs' assertion in the complaint that Helmsley-Spear operated, maintained and controlled the premises where the accident occurred (see *Bradford v Air La Carte,* 79 AD2d 553; *Brooks v Chemical Leaman Tank Lines,* 71 AD2d 405, 407). Further, the facts elicited during discovery in support of plaintiffs' claims also supported Helmsley-Spear's defense. Therefore, plaintiffs cannot claim surprise or prejudice (see *Murray v City of New York, supra*). Titone, J. P., Lazer, Thompson and Weinstein, JJ., concur.